418 So.2d 1114 (1982)
FIRST STATE INSURANCE COMPANY, Appellant,
v.
Daniel STUBBS, Appellee.
No. 80-1621.
District Court of Appeal of Florida, Fourth District.
August 11, 1982.
Rehearings Denied September 21, 1982.
*1115 Marilyn Pardo Liroff, of Weaver & Weaver, P.A., Fort Lauderdale, for appellant.
Richard A. Barnett, Hollywood, and Jon E. Krupnick, of Krupnick & Campbell, P.A., Fort Lauderdale, for appellee.
HURLEY, Judge.
First State Insurance Company (First State) appeals a summary judgment finding that it, as an excess liability carrier, is liable to provide underinsured motorist coverage for appellee Daniel Stubbs. We affirm in part and reverse in part.
Daniel Stubbs was employed by the Broward County Sheriff's office. While engaged in activities within the scope of his employment, he was seriously injured in an auto accident. The driver of the other automobile had $10,000 in liability coverage. Stubbs' damages substantially exceeded this amount. Consequently, Stubbs sued his employer's liability insurers, seeking underinsured motorists' coverage for his injuries.
The Broward County Sheriff's office maintained three policies. The first, with Consolidated Mutual Insurance Company, (Consolidated), provided comprehensive auto liability coverage of $25,000 per person/$50,000 per incident with identical amounts of uninsured motorists' coverage. A second policy, underwritten by Midland Insurance Company, (Midland), provided excess liability coverage of $100,000/$300,000. The third layer of coverage, written by appellant, First State, provided excess automobile coverage from $100,000 to $2,000,000.
The Sheriff's office accepted Consolidated's offer of uninsured motorists' coverage. At about the same time, the Sheriff's office rejected Midland's written offer of uninsured motorists' coverage of $100,000/$300,000. First State Insurance Company never offered uninsured motorists' coverage to the Sheriff's office.
The undisputed facts at the motion for summary judgment indicated that First State's policy limited its liability to $2,000,000 in excess of either (1) amounts recoverable under the underlying automotive liability insurance ($100,000) or (2) $10,000, as the ultimate net loss resulting from any one occurrence not covered by the underlying insurance. Since the court found that First State had failed to offer uninsured motorist coverage, it determined, as a matter of law, that the policy provided $10,000 to $2,000,000 coverage. It reached this decision by concluding that the accident was an "occurrence not covered by the underlying insurance."
We agree with the trial court's determination that First State's failure to offer uninsured motorists' coverage equal to its excess liability coverage violated Section 627.727(1), Florida Statutes (1971). That statute required insurance companies to offer uninsured motorists coverage up to 100% of the amount of any liability coverage. Failure to offer uninsured motorists coverage obligates the insurer to provide such coverage in an amount equal to the liability coverage. Aetna Casualty and Surety Co. v. Green, 327 So.2d 65 (Fla. 1st DCA), cert. denied, 336 So.2d 1179 (Fla. 1976); Lumbermen's Mutual Casualty Co. v. Beaver, 355 So.2d 441 (Fla. 4th DCA 1978).
We cannot agree, however, with the trial court's determination of First State's bottom limit of liability, i.e., $10,000. Section 627.727(1), Florida Statutes (1971), required First State to include uninsured motorist coverage in limits no less than the liability limits, unless rejected by the insured. Since First State failed to comply with the statute, the trial court appropriately employed the remedial device of construing the policy to provide uninsured motorist coverage. But the court erred by requiring First State to shoulder a heavier burden than would have been imposed by the statute in the first instance. First State's excess policy provided a bottom limit of $100,000 for bodily injury coverage. Yet the trial court went below this figure and established a $10,000 base. We think this was incorrect. First State's uninsured motorist coverage is coextensive with its liability coverage and, therefore, we hold *1116 that First State's excess indemnity policy provides uninsured motorist coverage for any damages sustained by Mr. Stubbs over and above $100,000.
Accordingly, the judgment is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.
DOWNEY and BERANEK, JJ., concur.