426 So.2d 1218 (1983)
James P. FERRIGNO and Judith Ferrigno, Appellants,
v.
PROGRESSIVE AMERICAN INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 82-674.
District Court of Appeal of Florida, Fourth District.
February 9, 1983.
*1219 Jack Edward Orsley, West Palm Beach, for appellants.
Dewey H. Varner, Jr., of Kohl, Springer, Springer, Varner, Mighdoll & Salnick, Palm Springs, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a final summary judgment in favor of the insurer. We reverse and remand with direction to enter final judgment for the insureds.
In 1980 the Legislature amended section 627.727, Florida Statutes (Supp. 1980), by requiring automobile liability insurers to notify their insureds, at least annually, of the options as to uninsured motorist coverage available pursuant to the statute. The amendment further provided:
Such notice shall be part of the notice of premium, shall provide for a means to allow the insured to request such coverage and shall be given in a manner approved by the Department of Insurance.
The amendment was approved by the Governor on July 9, 1980, was filed in the Office of the Secretary of State on the following day and took effect on October 1, 1980.
The trial court apparently agreed with the insurer that its obligation was to notify appellants within one year of the effective date of the statute; and that the failure of the Department of Insurance to approve appellee's proposed form of notice until June 17, 1981, precluded any obligation to notify its insurers prior to the date its form was approved.
Appellants, on the other hand, contend that the insurer was obligated to provide the statutory notice to its insureds on and after October 1, 1980; that the failure of the insurer to obtain approval of its form was irrelevant; and that the failure of the insurer to notify appellants of their option when their policy was renewed on November 14, 1980, entitled them to relief against their insurer because of injuries they received when a vehicle operated by an uninsured motorist struck their vehicle on March 24, 1981.
We agree with appellants for two reasons. First, uninsured motorist coverage may be the only meaningful protection available to Floridians who daily are subjected to misguided missles on the highways of this state; therefore, this remedial statute must be broadly and liberally construed. See First State Insurance Co. v. Stubbs, 418 So.2d 1114 (Fla. 4th DCA 1982); Weathers v. Mission Insurance Co., 258 So.2d 277 (Fla. 3d DCA 1972). Second, we consider the "manner approved by the Department of Insurance" to be the tail and the notice to the insureds to be the dog. The insurer knew in early July of the amendment's effectiveness as of October 1, 1980; and we would be naive to believe that early July was its first knowledge of the legislation. It was undoubtedly the intent of the Legislature that the insurer be ready to comply with the amendment by October 1 so that its insureds would be made aware of the options available to them when their policy was annually renewed on and after that date.
HERSEY and HURLEY, JJ., concur.