539 So.2d 1175 (1989)
AMERICAN CRIME PREVENTION CORPORATION, Appellant,
v.
COMPUTERIZED MONITORING SERVICE, INC., Etc., Appellee.
No. 88-1214.
District Court of Appeal of Florida, Fifth District.
March 16, 1989.
*1176 William F. Poole, IV, Orlando, for appellant.
Lynn Walker Wright, of Hadley and Asma, Winter Garden, for appellee.
DANIEL, Judge.
In this appeal, American Crime Prevention Corporation argues that the trial court erred in entering a final summary judgment in favor of Computerized Monitoring Service, Inc. We agree and reverse.[1]
The record reflects that Computerized monitored alarm systems installed by American. After American began to switch its customers from Computerized's system to its own monitoring system, a dispute arose over payment of several accounts. American later filed suit against Computerized for tortious interference with a business relationship. American alleged in its complaint that in November 1987, Computerized was monitoring approximately 250 clients for American, that American notified Computerized by letter that it would be opening its own monitoring station and therefore would be switching its clients from Computerized's monitoring system to its own, and that by December 1987, all of American's subscribers were being monitored by its own station and none was being monitored by Computerized. American further alleged that Computerized failed to delete many of the switched over clients from American's bill and that as a result, a billing dispute arose between the parties, that American's officers repeatedly agreed to settle the billing dispute by paying a corrected bill which was promised but never provided, and that on December 21, 1987, Computerized notified all two hundred forty-five of American's clients by letter that Computerized was cancelling its monitoring service because of American's failure to pay its bills. American also alleged that the sending of those letters was done willfully and wantonly with malicious intent with full knowledge that Computerized was no longer monitoring any of American's clients and with the intent of destroying American's business. Attached to the complaint was a letter dated December 21, 1987, from Computerized to a customer of American giving notice that service will be suspended on December 31, 1987, because of nonpayment.
Computerized did not file an answer but instead filed a motion to dismiss and a counterclaim for breach of contract. Computerized later moved for summary judgment alleging in part that it was entitled to notify American's subscribers under the default provision of the parties' monitoring agreement and therefore it was entitled to a judgment as a matter of law. On file in the record was the affidavit of Harriette Wilson, Computerized's secretary/treasurer, who stated that by December 1987, all accounts of American had been deleted except for eight accounts, that American had failed to pay the balance on its open account despite repeated demands, and that Computerized contacted the eight remaining customers concerning American's nonpayment and Computerized's intent to terminate service. A copy of the letter sent to the eight customers, dated January 4, 1988, was attached to the affidavit.
The trial court held that Computerized was entitled to damages in the amount of $2,289.87. The court also entered summary judgment in favor of Computerized on the basis that it was entitled to judgment as a matter of law based on the contract between the parties and the affidavit.
A summary judgment should not be granted unless, construing all the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Landers v. Milton, 370 So.2d 368 (Fla. 1979); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); O'Connell v. Walt Disney World Company, 413 So.2d 444 (Fla. 5th DCA 1982). The party moving for summary judgment has the burden of conclusively proving that there is no triable *1177 issue of material fact and the burden does not shift to the opposing party until that burden has been met. Id.
Here Computerized's affidavit to the effect that it had sent only eight letters (dated January 1988) and that such letters were justified did not address and therefore did not refute American's allegations in its complaint that 245 letters had been sent to customers in December 1987. Even assuming that the affidavit is viewed as addressing the allegations in American's complaint, the affidavit itself shows the existence of a question of fact as to whether 245 letters were sent, as claimed by American, or only eight letters were sent, as claimed by Computerized. Under these circumstances, the entry of summary judgment was error.
REVERSED AND REMANDED.
SHARP, W., C.J., and ORFINGER, J., concur.
NOTES
[1] We find no merit to American's other point on appeal. See Reina v. Gingerale Corporation, 472 So.2d 530 (Fla. 3d DCA 1985).