DANIEL, Judge.
Semoran Pines Condominium Association and five individual unit owners (Semoran) appeal a final summary judgment in favor of Arab Termite and Pest Control of Florida, Inc. (Arab of Florida). Because of the existence of genuine issues of material fact, we reverse and remand for further proceedings.
Semoran filed suit against Arab of Florida, Arab Pest Control of Orlando, Inc., and others for damages resulting from termite infestation of the condominium. The contract for termite control was on a form from Arab of Florida. During the proceedings below, Arab of Florida moved for summary judgment on the basis that it was not the party to the contract. In support, Arab of Florida referred to an affidavit from Owen Funk, the pest control representative who had signed the contract. In his affidavit, Funk stated that he had signed the termite control contract in his capacity as a representative of Arab Pest Control of Orlando, Inc., that at the time the agreement was signed, Arab Pest Control of Orlando, Inc. and Arab of Florida were separate and distinct entities, that he had no authority to bind Arab of Florida by entering into the contract and that he intended to bind only Arab Pest Control of Orlando, Inc.
A summary judgment should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fla. R.Civ.P. 1.510(c). Once the moving party has filed an affidavit in support of its motion for summary judgment, the nonmoving party need not file a counteraffidavit or suffer the entry of summary judgment. If the court file contains other competent proof such as depositions, admissions, or answers to interrogatories, which contradicts the moving party’s claim, it is not necessary for the nonmoving party to file an affidavit to counter the movant’s affidavit. Misal Construction Company, Inc. v. Rusco Industries, Inc., 403 So.2d 607 (Fla. 4th DCA 1981). Here the affidavit of Owen Funk, which the trial court properly considered, failed to conclusively establish that Arab of Florida had no liability to Semoran. Nowhere on the contract form does the name “Arab Pest Control of Orlando, Inc.” appear. The only name printed on the contract, in large letters at the top and again immediately above the signature line is “Arab Termite & Pest Control of Fla., Inc.” There was other evidence in the record, in addition to the contract, such as correspondence on the letterhead of Arab of Florida, signed by its agents, which created a question of fact as to whether Funk, even if he had no actual authority, had the apparent authority to bind Arab of Florida. Accordingly, the entry of summary judgment was error. See Beverage Canners, Inc. v. E.D. Green Corporation, 291 So.2d 193 (Fla.1974); Pawlik v. Stevens, 499 So.2d 61 (Fla. 5th DCA 1986).
REVERSED and REMANDED.
ORFINGER, J., concurs.
DAUKSCH, J., concurs specially without opinion.