W. SHARP, Judge.
Christie Martin, by her mother, Theresa Dryman, and Dryman, individually, appeal from a final summary judgment in favor of the Division of Forestry of the Department of Agriculture and Consumer Services of the State of Florida. Christie and her mother sued the Division for damages caused by Christie’s collision with a motorcycle in the Croom motorcycle area of the Withlacoochee State Forest. The trial court held that the doctrine of sovereign immunity barred their suit against the Division, and even if it did not, that the record established no material fact issue as to the Division’s breach of a duty of care which contributed to Christie’s injuries. We disagree and reverse.
The record established (taken as favorably to Christie as possible, as we must in *1170 reviewing an adverse summary judgment)[1] that the Division set aside an area in the state forest (the Croom motorcycle area) for off-road recreational vehicles and motorcycles. It spans 2,600 acres and contains 200 to 250 miles of trails developed by motorcycle riders. It contains borrow pits, abandoned mines, and strip pits and slopes suitable for “hill jumping.” The Division did not alter the terrain. It simply fenced off the area, and built a campground. It charges an admission price based on the number of motorcycles or all-terrain vehicles taken into Croom.
Christie (an eight-year-old child), her stepfather and family friends arrived at Croom on May 24, 1986. She was charged a riding fee. She rode a small all-terrain vehicle in an area where she had seen other children riding, while waiting for her stepfather to join her. She heard the roar of a motorcycle approaching her, but she could not see it. It cleared the top of a hill or embankment, flew through the air, and landed on top of her. The collision caused injuries to Christie’s leg, for which this lawsuit sought damages.
The Division made no effort to regulate the flow of traffic or jumping in Croom. It has no rules designed to separate young children on their slower all-terrain vehicles from adult riders on their high-powered bikes. Its agents knew that motorcyclists engage in hill jumping into blind trail areas, and it was aware that numerous collisions had occurred in Croom. No warning signs were posted to counter the hazards of hill jumping or blind trails. These dangers may be apparent to the Division and most adult riders engaged in the sport of racing and hill jumping. But, they were not to Christie or to her stepfather.
Although this is a close case, we think the Division’s activities in opening the Croom area to motorcycle and ATV riding and charging a fee, places it in a situation similar to that of Sarasota County in Butler v. Sarasota County, 501 So.2d 579 (Fla.1986). In Butler, the Florida Supreme Court held that the County owed a duty of care to a swimmer who drowned when swept by strong currents in a sudden drop-off in the sea floor next to a beach owned by the County. Sarasota did not create the dangerous condition, but it had created a designated swimming area where the dangerous condition existed. The supreme court held that sovereign immunity did not bar the suit and that Sarasota County could be shown to have breached a duty (of care to warn) to the deceased swimmer.
Similarly in Avallone v. Board of County Commissioners of Citrus County, 498 So.2d 1002 (Fla.1986), the supreme court rejected the argument that the County’s decision to supervise a swimming facility was a planning-level decision. Once the decision to operate a swimming area is made, the court held, the county must operate the facility with due regard for the safety of known or expected users. In Avallone, the County was charged with the duty of supervising or seeking to prevent children from roughhousing and playing on the dock.
In this case, the Division designated and offered Croom as a motorcycle off-road vehicle riding area. It charged admission for entry for each vehicle. Those were planning level decisions.[2]
Thereafter, the Division necessarily assumed a common law duty to operate the facility in a manner which would not subject a user to dangers unknown and unanticipated by the user, which were known to or which should have been reasonably anticipated by the Division.[3] Christie was a young child riding (essentially) a motorized kiddy-car in an area where high-powered, heavy motorcycles were known to race and jump blind hills. It appears to us that this mix of vehicles and *1171 riders was fraught with peril for users like Christie.[4] We think the record here established at least a material issue of fact as to whether the Division breached its common law duty of care owed to Christie, as a paying user of the Division’s Croom riding area.
REVERSED; REMANDED for further proceedings.
COBB and DIAMANTIS, JJ., concur.

. Wills v. Sears, Roebuck and Co., 351 So.2d 29 (Fla.1977); American Crime Prevention Corp. v. Computerized Monitoring Service, 539 So.2d 1175 (Fla. 5th DCA 1989).

. Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985).

.Butler v. Sarasota County, 501 So.2d 579 (Fla. 1986); Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla.1986).

. See Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1983).