614 So.2d 683 (1993)
Daniel DIVINE and Sandra Divine, Appellants,
v.
PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, an insurance corporation licensed to do business in the State of Florida, Appellee.
No. 92-674.
District Court of Appeal of Florida, Fifth District.
March 5, 1993.
Paul B. Irvin and Joe Polich, Jr. of Troutman, Williams, Irvin & Green, P.A., Winter Park, for appellants.
Lora A., Dunlap and J. Allen Cooper of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee.
PER CURIAM.
We reverse on the authority of Nationwide Mutual Fire Ins. Co. v. Phillips, 609 So.2d 1385 (Fla. 5th DCA 1992). We are unpersuaded by appellees' attempt to distinguish this case on the basis that the coverage limitation which it contends precludes uninsured motorist (UM) coverage is more narrow than that contained in Nationwide's policy. The essential question is whether, by the simple expedient of moving exclusionary language into the definition of who is "insured" under the policy, insurers can avoid the rule of Mullis v. State Farm Mut. Auto Ins. Co., 252 So.2d 229, 237 (Fla. 1971) and the statutory device allowing insurers to offer policies of uninsured motorist coverage containing such coverage limitations. As in Nationwide, we hold the insurer may not do so. Mullis holds that UM covers a class I insured whenever and wherever bodily injury is inflicted on him by an uninsured motorist. Mullis does not permit coverage to be confined to injury while operating only the owned vehicle or while not operating a vehicle furnished for the insured's regular use, no matter whether *684 such limitations be found in an exclusion or in a definition of who is insured. The attempt is a disingenuous misapplication of the maxim that UM coverage follows liability coverage and we will not validate it.
REVERSED and REMANDED.
GOSHORN, C.J., W. SHARP and GRIFFIN, JJ., concur.