632 So.2d 214 (1994)
Clyde OMAR, Appellant,
v.
ALLSTATE INSURANCE COMPANY and United States Fidelity and Guaranty Company, Appellees.
No. 93-1418.
District Court of Appeal of Florida, Fifth District.
February 18, 1994.
David M. Lopez of Sims & DiLorenzo, P.A., Ocala, for appellants.
Christopher C. Coleman of Cameron, Marriott, Walsh, Hodges & D'Assaro, P.A., Ocala, for appellee.
W. SHARP, Judge.
Omar appeals from a final summary judgment in favor of Allstate Insurance Company. It denied him uninsured motorist benefits *215 under four insurance policies Allstate issued to him as the "insured", which covered vehicles other than the one involved in an accident in which he received severe injuries. That automobile was owned by Omar and insured by United States Fidelity & Guaranty Company. United States Fidelity paid Omar his uninsured motorist benefits and was dismissed from the suit.
Allstate relied on the following exclusion from uninsured motorist coverage, which existed in each of the four policies:
Exclusions  What is Not Covered. This coverage does not apply to:
* * * * * *
(2) Any person while in, on, getting into, or out of a vehicle you own which is insured for this coverage under another policy.
However, there is no evidence in the record that Omar made an informed and knowing rejection or limitation of uninsured motorist coverage for Allstate's four policies. Based on the status of this record, we reverse.
Allstate argues that since Omar was driving a vehicle not named in either of the four policies, he was not insured under the liability provisions of those policies, and thus, there was no obligation on the part of Allstate to provide him with uninsured motorist coverage. Allstate takes the position that the exclusion quoted above is valid under Florida law, and it clearly applies to Omar because he was driving another vehicle he owned, for which he had uninsured motorist coverage under another policy issued by another insurance company.
We think this case is controlled by Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971) and this court's decisions in Divine v. Prudential Property & Casualty Insurance Co., 614 So.2d 683 (Fla. 5th DCA), rev. dismissed, 618 So.2d 1369 (Fla. 1993) and Nationwide Mutual Fire Insurance Co. v. Phillips, 609 So.2d 1385 (Fla. 5th DCA 1992), rev. granted, 620 So.2d 761 (Fla. 1993). In Mullis, the Florida Supreme Court held that whenever bodily injury is inflicted upon the named insured or insured's members of his family by the negligence of an uninsured motorist, under whatever conditions, locations, or circumstances, they are covered by uninsured motorist insurance. "They may be pedestrians at the time of such injury, they may be riding in motor vehicles of others or in public conveyances and they may occupy motor vehicles ... owned by but which are not `insured automobiles' of named insured." (emphasis added) 252 So.2d at 233.
In Nationwide Mutual Fire Insurance Company v. Phillips, this court held that a class 1 insured was entitled to uninsured motorist coverage even if he would not have been entitled to liability coverage had the accident in question been his fault.[1] In that case, Kevin Phillips was injured by a negligent uninsured motorist while riding on a motorcycle he owned. Kevin sought uninsured motorist coverage under his wife's insurance policy from Nationwide which provided liability coverage only for her automobile. Nationwide declined coverage under an exclusion from uninsured motorist which provided that the coverage did not apply to "bodily injury suffered while occupying a motor vehicle owned by you or a relative living in your household, but not insured for uninsured motorist coverage under this policy ..." Nationwide claimed that because Kevin owned the motorcycle which was not insured under the policy, the exclusion was applicable. This court held that the exclusion from uninsured motorist coverage was invalid and that Kevin was entitled to uninsured motorist coverage whenever or wherever bodily injury was inflicted upon him by the negligence of an uninsured motorist.
In Divine v. Prudential Property and Casualty Insurance Company, this court again explained that Mullis holds that uninsured motorist benefits cover a class 1 insured "whenever and wherever" bodily injury is inflicted upon him by an uninsured motorist, and that an insurer cannot, by the simple expediency of moving exclusionary language into the definition of who is an "insured" under the policy, avoid the rule of Mullis.
*216 "Mullis does not permit coverage to be confined to injury while operating only the owned vehicle or while not operating a vehicle furnished for the insured's regular use, no matter whether such limitations be found in an exclusion or in a definition of who is insured." 614 So.2d at 683-684.
Omar, as a class 1 insured under the four Allstate policies, is entitled to uninsured motorist benefits despite the fact that the policies would not have provided liability coverage for him, had the accident in question been his fault. Allstate, however, points out that an insurer is permitted to limit uninsured motorist coverage through exclusions such as the one contained in these policies pursuant to section 627.727(9)(d), Florida Statutes. This section provides as follows:
(9) Insurers may offer policies of uninsured motorist coverage containing policy provisions, in language approved by the department, establishing that if the insured accepts this offer:
* * * * * *
(d) The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in his household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased.
§ 627.727(9)(d), Fla. Stat. (1989).
However, if an insurer wishes to offer limited uninsured motorist coverage, it must first satisfy the statutorily mandated notice requirement:
In connection with the offer authorized by this subsection, insurers shall inform the named insured, applicant, or lessee, on a form approved by the department, of the limitations imposed under this subsection and that such coverage is an alternative to coverage without such limitation. If the form is signed by the named insured, applicant, or lessee, it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations . ..
§ 627.727(9), Fla. Stat. (1989).
Allstate argues that there is no evidence in the record on appeal that it did not obtain an informed, knowing rejection of uninsured motorist coverage and, based on the "presumption of correctness", we should presume that the trial court found such evidence. This argument ignores the fact that the burden is on the insurer to show an informed, knowing rejection of uninsured motorist coverage. Adams v. Aetna Casualty & Surety Co., 574 So.2d 1142 (Fla. 1st DCA), rev. dismissed, 581 So.2d 1307 (Fla. 1991); Auger v. State Farm Mutual Automobile Insurance Co., 516 So.2d 1024 (Fla. 2d DCA 1987).
This argument also ignores the requirement that the party moving for summary judgment must show it is entitled to judgment as a matter of law. Semoran Pines Condominium Association v. Arab Termite and Pest Control of Florida, Inc., 543 So.2d 417 (Fla. 5th DCA 1989); American Crime Prevention Corp. v. Computerized Monitoring Service, Inc., 539 So.2d 1175 (Fla. 5th DCA 1989). There is no mention of an informed, knowing rejection of uninsured motorist coverage in Allstate's motion and amended motion for summary judgment, nor in its memorandum of law in support of its motions and the pretrial compliance statement. Thus, it appears that this issue was never presented to the trial court. Therefore, this ground cannot support the summary judgment.
The cases relied on by Allstate are distinguishable. Smith v. Valley Forge Insurance Co., 591 So.2d 926 (Fla. 1992), Brixius v. Allstate Insurance Co., 589 So.2d 236 (Fla. 1991), and Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977) involve situations in which the insureds were injured in their own automobiles which were being driven by other (negligent) parties who were uninsured. The Florida Supreme Court held that simply because the liability portion of the policies excluded coverage for such accidents, the vehicles were not rendered "uninsured" for purposes of providing uninsured motorist benefits. In Bolin v. Massachusetts Bay Insurance Co., 518 So.2d 393 (Fla. 2d DCA 1987), the court held that Bolin was not entitled to uninsured motorist benefits under his wife's policy while driving his own automobile. However, in that case, Bolin was *217 determined not to be an insured under the liability coverage provisions of his wife's policy.
Here, Omar is the insured under the Allstate policies. He was injured by an uninsured motorist. And the exclusion from uninsured motorist coverage is invalid without proof of a knowing rejection on his part.
REVERSED and REMANDED.
HARRIS, C.J., and THOMPSON, J., concur.
NOTES
[1] The declaration pages for the Allstate policies do not appear to be in the record on appeal. However, there appears to be no dispute that Omar is a class I insured.