682 So.2d 684 (1996)
Thomas B. SCHUTT, Appellant,
v.
ATLANTA CASUALTY COMPANIES, Appellee.
No. 95-2482.
District Court of Appeal of Florida, Fifth District.
November 8, 1996.
*685 Philip J. Chanfrau of Chanfrau & Chanfrau, Daytona Beach, for Appellant.
Dennis R. O'Connor of Cooney, Haliczer Mattson, Lance, Blackburn, Pettis & Richards, P.A., Orlando, for Appellee.
PETERSON, Chief Judge.
Thomas B. Schutt appeals a final summary judgment in favor of appellee, Atlanta Casualty Company. Schutt argues that the trial court erred by finding the exclusion in his uninsured motorist (UM) coverage valid since Atlanta Casualty never provided him with notice that the policy in question provided only limited coverage as required by subsection 627.727(9), Florida Statutes (1993). Atlanta Casualty says that Schutt's argument is waived because he did not raise it before the trial court. We summarily reject Atlanta Casualty's argument based on our opinion in Omar v. Allstate Ins. Co., 632 So.2d 214, 216 (Fla. 5th DCA 1994). In Omar, this court held that a summary judgment in favor of the insurance provider could not be upheld where the provider fails to prove or even allege in its motion for summary judgment that its insured made an informed, knowing rejection of full UM coverage pursuant to the requirement of subsection 627.727(9). In the instant case, likewise, because the issue of statutory compliance with the notice requirement of subsection 627.727(9) was never brought before the court in the motion for summary judgment, it cannot be said that Atlanta Casualty is entitled to summary judgment as a matter of law. In short, the exclusion in Schutt's policy from UM coverage is invalid without proof of a knowing rejection on Schutt's part. See also Government Employees Ins. Co. v. Douglas, 654 So.2d 118 (Fla.1994). We further find, however, that the exclusion relied upon is not, as the trial court found, clear and unambiguous.
Schutt filed an action for declaratory judgment against Atlanta Casualty alleging that it had issued a policy of automobile liability and UM insurance but denied Schutt coverage for injuries he received in a motorcycle accident. Atlanta Casualty denied that coverage was available to Schutt because of the following exclusion:
PART C
PROTECTION AGAINST UNINSURED/UNDERINSURED MOTORIST
* * * * * *
EXCLUSIONS
A. We do not provide Uninsured Motorist Coverage for bodily injury sustained by any person:
* * * * * *
4. While occupying, operating, or maintaining a motorcycle or any other vehicle not licensed for use on public roads.
The trial court granted Atlanta Casualty's motion for summary judgment and found in part:
1. Policy No. 02194358, and specifically exclusion A.4. of Part C (Protection Against Uninsured/Underinsured Motorist) does not violate the public policy of the State of Florida.

*686 2. Exclusion A.4 of Part C (Protection Against Uninsured/Underinsured Motorist), is clear and unambiguous on its face and does not provide uninsured/underinsured motorist coverage for bodily injuries sustained by any person, including the named insured, while occupying, operating or maintaining a motorcycle. (footnote omitted)
Schutt is a Class I insured as classified in Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla.1971). The Mullis court explained that Class I insureds enjoy a special protection as a matter of public policy:
[W]henever bodily injury is inflicted upon named insured or insured members of his family by the negligence of an uninsured motorist, under whatever conditions, locations, or circumstances, any of such insureds happen to be in at the time, they are covered by uninsured motorist liability insurance pursuant to requirements of [section 627.727]. They may be pedestrians at the time of such injury, they may be riding in motor vehicles of others or in public conveyances and they may occupy motor vehicles (including Honda motorcycles) owned by but which are not "insured automobiles" of named insured.
Id. at 233. This foundation for analyzing UM coverage established by the Mullis court is still followed. Government Employees Ins. Co. v. Douglas, 654 So.2d 118 (Fla.1995); Florida Farm Bureau Cas. Co. v. Hurtado, 587 So.2d 1314 (Fla.1991); Coleman v. Florida Ins. Guar. Ass'n, Inc., 517 So.2d 686 (Fla.1988).
Accordingly, the UM statute consistently has been interpreted to provide the broadest possible protection to the injured party from the negligence of uninsured motorists, requiring a liberal construction to accomplish this purpose. Salas v. Liberty Mutual Fire Ins. Co., 272 So.2d 1 (Fla.1973); Ferrigno v. Progressive American Ins. Co., 426 So.2d 1218 (Fla. 4th DCA 1983). Similarly, it is well established that a contract of insurance should be construed so as to give effect to the intent of the parties and when there are uncertain or ambiguous terms in a policy they should be construed against the insurer and in favor of the insured. Beebe v. American Ambassador Cas. Co., 659 So.2d 701 (Fla. 5th DCA 1995); Prudential Property and Cas. Ins. Co. v. Swindal, 622 So.2d 467 (Fla.1993); Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla.1975).
The exclusion at issue states: "We do not provide UM coverage for bodily injury sustained by any person ... occupying, operating, or maintaining a motorcycle or any other vehicle not licensed for use on public roads." It is uncontested that the motorcycle owned and operated by Schutt in his accident with an uninsured or underinsured motorist was licensed for use on the public roads. Apparently, the trial court agreed with Atlanta Casualty that the phrase could only be interpreted to exclude injuries sustained while operating or occupying a motorcycle under any conditions. However, the phrase can equally be interpreted to exclude injuries received while operating only those motorcycles or other vehicles not licensed for use on public roads and not those motorcycles, such as Schutt's, licensed for use on public roads. See Carguillo v. State Farm Mut. Auto. Ins. Co., 529 So.2d 276 (Fla.1988); Allstate Ins. Co. v. Almgreen, 376 So.2d 1184 (Fla. 2d DCA 1979).
Moreover, exclusions based on the insured's mode of transportation are generally impermissible. Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla.1971) (exclusion of coverage for family member occupying another family owned vehicle, i.e., a Honda motorcycle, not included in the policy was impermissible); Omar v. Allstate Ins. Co., 632 So.2d 214 (Fla. 5th DCA 1994) (Mullis does not permit exclusions based on the fact that a class I insured is injured while occupying a motor vehicle that was not insured by the uninsured motorist insurer); Progressive American Ins. Co. v. Glenn, 428 So.2d 367 (Fla. 3d DCA 1983) (exclusion based on fact that the claimant was injured while occupying a "a motorized vehicle with less than four wheels" is impermissible). In sum, the UM statute does not contemplate a piecemeal whittling away of liability for injuries caused by uninsured or underinsured motorists.
*687 We reverse the final judgment and remand to the trial court for further proceedings because:
1) The contested exclusion in the instant case which states that no UM coverage is provided for bodily injury sustained by any person "occupying, operating, or maintaining a motorcycle or any other vehicle not licensed for use on public roads" is ambiguous, and such ambiguity should be construed against Atlanta Casualty in favor of providing UM protection for Schutt.
2) The contested exclusion is invalid without proof of a knowing rejection on Schutt's part.
REVERSED and REMANDED.
DAUKSCH and ANTOON, JJ., concur.