MAY, J.
The plaintiffs appeal a final summary judgment in which the trial court concluded that Progressive American Insurance Company [Progressive] did not provide uninsured motorist coverage to the plaintiffs. They raise two issues: 1) the court *1002 erred as a matter of law in its interpretation of a policy exclusion; and 2) there is a genuine issue of material fact concerning the insurer’s compliance with section 627.727(9), Florida Statutes (2001). We affirm the court’s interpretation of the policy exclusion, but reverse the summary judgment on the limited factual issue of the insurer’s compliance with section 627.727(9).
Chris Stadelman was killed and Francis Stadelman severely injured when their motorcycle collided with another vehicle. The plaintiffs brought an action for damages against the individual defendants and for declaratory relief against their insurer, Progressive. The count against Progressive requested the court to declare the existence of uninsured motorist coverage for the accident.
The relevant facts are not in dispute. The plaintiffs occupied a motorcycle for which they did not pay a premium and which was not listed as a covered auto under the policy. The plaintiffs argue that the motorcycle is not an “auto” as defined by Progressive’s policy and is therefore not subject to the policy’s exclusion for other owned autos. Progressive argues that the motorcycle fits within the policy’s definition of “auto” and is therefore excluded from coverage.
Progressive’s policy provides: “We do not cover bodily injury sustained by a person: ... (3) while occupying an auto owned by you or a relative which is not insured for uninsured motorist coverage under this policy.” The policy defines an “auto” as “a land motor vehicle or a trailer designed for travel on public roads. It does not include mobile equipment or unlicensed motor vehicles used principally off road.”
The trial court found that the motorcycle was an “auto” as defined by the policy and the exclusion applied. We agree and affirm that ruling.
The plaintiffs argue secondarily that summary judgment was improperly entered because there is a genuine issue of material fact concerning whether the insurer complied with section 627.727(9). The plaintiffs raised the compliance issue in their Reply. However, it appears to have been overlooked in Progressive’s motion for summary judgment and the plaintiffs’ corresponding memorandum in opposition. Nevertheless, plaintiffs raised the issue in argument near the conclusion of the summary judgment hearing. The transcript reveals that both defense counsel and the judge seemed to be taken by surprise when the plaintiffs raised the issue at the hearing, but it is clear that the issue was preserved.
Section 627.727(9) requires insurers to satisfy statutorily-mandated requirements when limiting coverage. It requires the insurer to provide notice to the insured of coverage limitations, and to file revised premium rates with the Department of Insurance prior to initially providing limited uninsured motorist coverage.
Case law has required insurers to prove compliance with this section when insurers rely upon policy provisions to limit or exclude coverage. See, e.g., Omar v. Allstate Ins. Co., 632 So.2d 214 (Fla. 5th DCA 1994); Schutt v. Atlanta Cas. Co., 682 So.2d 684 (Fla. 5th DCA 1996). Indeed, our supreme court has held that for an insurer
to limit coverage validly, the insurer must satisfy the statutorily-mandated requirement of notice to the insured and obtain a knowing acceptance of the limited coverage. An insurer who provides coverage with the section 627.727(9)(d) limitation is also statutorily required to file revised, decreased premium rates for such polices. It is our opinion that *1003 these requirements were the quid pro quo given by the legislature to insurers for the right to limit uninsured motorist coverage by this exclusion.
Gov’t Employees Ins. Co. v. Douglas, 654 So.2d 118, 120 (Fla.1995).
Progressive failed to establish the absence of a genuine issue of material fact concerning its compliance with section 627.727(9). We therefore reverse the summary judgment on the limited issue of the insurer’s compliance with the statute.
STEVENSON, and HAZOURI, JJ., concur.