627 So.2d 102 (1993)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
William J. DOUGLAS, Appellee.
No. 93-0238.
District Court of Appeal of Florida, Fourth District.
November 24, 1993.
James K. Clark, Clark, Sparkman, Robb & Nelson, Miami, for appellant.
Christopher M. Cannon, Fazio, Dawson, DiSalvo, Cannon, Abers & Podrecca, Ft. Lauderdale, for appellee.
PARIENTE, Judge.
This appeal by insurer, in favor of the insured, involves the question of the availability of uninsured motorist benefits to a named insured who, at the time of the accident, was operating a vehicle owned by him, but not insured under the subject policy. We affirm the trial court's conclusion that there is coverage.
At the time of the accident in May, 1989, the named insured had two vehicles insured by GEICO (insurer) for liability and uninsured motorist (UM) coverage. A third vehicle, a truck which the insured was occupying at the time of the accident, had previously been insured by GEICO under the same policy, but in 1988, the insured had cancelled the GEICO insurance coverage on the truck and obtained a PIP only policy with another insurance carrier. Insured was rear-ended by an uninsured motorist and sought UM benefits under his existing policy with GEICO. Insurer denied coverage based on its UM coverage policy exclusion for owned, but uninsured, vehicles.
In this case, the accident occurred after the adoption of section 627.727(9), Florida Statutes (1987), in which the Florida Legislature amended the uninsured motorist statute to allow an insurer to offer UM coverage with limitations, including the following one:
The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in his *103 household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased.
Section 627.727(9)(d).
However, pursuant to this statute, to limit coverage validly, the insurer must first satisfy the statutorily mandated requirements of notice to the insured and obtain a knowing acceptance of the limited coverage. An insurer who provides coverage with the limitations of section 627.727(9) is also statutorily required to file revised, decreased premium rates for such policies.
Insurer does not controvert that it failed to inform insured of the limitation on coverage or to obtain a knowing acceptance of limited coverage as required by section 627.727(9). There is also no evidence concerning insurer's compliance with the requirements of filing revised premiums. Insurer asserts that the notice requirement is inapplicable because the insured acquired coverage for the truck with a different insurance carrier. However, this does not obviate the requirement to comply with the statute as to the GEICO policy which provided UM coverage to the named insured, but attempted to limit the reach of the coverage.
If the policy exclusion is valid despite noncompliance with the statute, the provision of section 627.727(9)(d) would be rendered meaningless. Traditionally, UM coverage has followed the Class I insured regardless of the location of the insured. See Florida Farm Bureau Cas. Co. v. Hurtado, 587 So.2d 1314, 1318 (Fla. 1991); Coleman v. Florida Ins. Guaranty Ass'n., 517 So.2d 686 (Fla. 1988); Mullis v. State Farm Mutual Auto. Ins. Co., 252 So.2d 229 (Fla. 1971).
We hold that the insured's UM coverage under the GEICO policy provides coverage because the insurer failed to comply with section 627.727(9). Accord Nationwide Mutual Fire Ins. Co. v. Phillips, 609 So.2d 1385 (Fla. 5th DCA 1992), rev. granted, 620 So.2d 761 (Fla. 1993); Carbonell v. Automobile Ins. Co. of Hartford, 562 So.2d 437 (Fla. 3d DCA 1990).
Consequently, the insurer's reliance on Government Employees Ins. Co. v. Wright, 543 So.2d 1320 (Fla. 4th DCA), rev. denied, 551 So.2d 464 (Fla. 1989) is misplaced since the accident in Wright occurred before the enactment of section 627.727(9). Likewise, Crosby v. Nationwide Mutual Fire Ins. Co., 622 So.2d 117 (Fla. 4th DCA 1993) simply does not address the effect of the 1987 statute. The insured is, therefore, entitled to UM coverage under his GEICO policy.
AFFIRMED.
HERSEY, J., and WALDEN, JAMES H., Senior Judge, concur.