640 So.2d 53 (1994)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Petitioner,
v.
Kevin PHILLIPS, et al., Respondents.
No. 80986.
Supreme Court of Florida.
March 31, 1994.
Rehearing Denied May 24, 1994.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for petitioner.
Paul B. Irvin of Troutman, Williams, Irvin, Green & Helms, P.A., Winter Park, for respondents.
Louis K. Rosenblooum of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, amicus curiae, for Academy of Florida Trial Lawyers.
Raymond T. Elligett, Jr. and Amy S. Farrior of Schropp, Buell & Elligett, P.A., Tampa, amicus curiae, for Government Employees Ins. Co.
OVERTON, Justice.
We have for review Nationwide Mutual Fire Insurance Co. v. Phillips, 609 So.2d 1385 (Fla. 5th DCA 1992), in which the district court held that Kevin Phillips, who was injured while operating a motorcycle owned by him, was an insured and entitled to uninsured motorist benefits under a policy of insurance issued to his wife, even though that policy excluded from coverage any motor vehicle owned by him that was not specifically covered by the wife's policy. We find conflict with this Court's decision in Valiant Insurance Co. v. Webster, 567 So.2d 408 (Fla. 1990), and the Second District Court of Appeal's decision in Bolin v. Massachusetts Bay Insurance Co., 518 So.2d 393 (Fla. 2d DCA 1987).[1] We expressly disapprove the district court's decision in the instant case for the reasons expressed in our decision in World Wide Underwriters Insurance Co. v. Welker, *54 640 So.2d 46 (Fla. 1994). Accordingly, we quash the decision of the district court with directions that this case be remanded to the trial court for entry of judgment for the petitioner.
It is so ordered.
McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs specially with an opinion.
BARKETT, Chief Justice, concurring specially.
I would have approved the decision of the district court for the reasons discussed in my dissent in World Wide Underwriters Insurance Co. v. Welker, 640 So.2d 46 (Fla. 1994). In light of this court's decision in Welker, I concur with the majority.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.