ON REMAND FROM THE FLORIDA SUPREME COURT

W. SHARP, Judge.
Government Employees Insurance Company (GEICO) appeals from a final summary judgment determining that Susan Jenkins is entitled to uninsured motorist benefits. We had previously affirmed, citing Nationwide Mutual Fire Insurance Co. v. Phillips, 609 So.2d 1385 (Fla. 5th DCA 1992). Government Employees Insurance Co. v. Jenkins, 616 So.2d 486 (Fla. 5th DCA 1993). The Florida Supreme Court quashed our decision based on World Wide Underwriters Insurance Co. v. Welker, 640 So.2d 46 (Fla.1994), in which it disapproved Nationwide. Government Employees Insurance Co. v. Jenkins, 637 So.2d 911 (Fla.1994). The ease has been remanded to us for further proceedings consistent with Welker.
In Welker, the Florida Supreme Court concluded that an insurance company was not required to provide uninsured motorist coverage to an insured for damages in an accident involving a vehicle owned by the insured but not listed in the policy when the policy contains express provisions excluding coverage for both liability and uninsured motorist coverage in these circumstances. The court held that if the liability provisions of an automobile insurance policy would provide liability coverage to the insured for the particular accident giving rise to the insured’s injury, then that policy must also provide uninsured motorist benefits to that insured. However, there is no requirement that the insurer provide uninsured motorist coverage to an insured for an accident involving a vehicle owned by the insured and not listed in the policy when the policy would not provide liability coverage to the insured had the insured been responsible for the particular accident.
In that ease, Steven Welker drove his pickup truck into a concrete pole while attempting to avoid a collision with another motorist. Welker was unable to recover from the other motorist and had expressly declined uninsured motorist coverage under his insurance policy covering his pickup truck. He then turned to World Wide, his mother’s insurer. The World Wide policy provided liability and uninsured motorist coverage to Welker’s mother, as the named insured, and to her resident relatives, which included Welker. The policy listed only the mother’s vehicle as the insured vehicle and specifically excluded from liability coverage all vehicles owned by the named insured or resident relatives that were not listed in the policy. The policy also excluded uninsured motorist coverage for bodily injury sustained by any person while occupying a motor vehicle owned by the insured or a family member which was not insured for this coverage under the policy.
In the present case, Susan Jenkins was involved in an automobile accident on October 15,1988 while operating her 1977 Toyota. At the "time of the accident, Jenkins was a resident of her father’s household. Jenkins filed a claim for uninsured motorist benefits under a policy issued by GEICO to her father. The GEICO policy insured a 1985 Oldsmobile and a 1984 Isuzu. The Toyota had only personal injury protection coverage from another insurance company. GEICO declined coverage and filed this declaratory judgment action to determine the issue of uninsured motorist coverage. The trial court entered a summary judgment in favor of Jenkins and this appeal followed.
Under the liability portion of the GEICO policy, GEICO is obligated to pay damages which an insured becomes legally obligated to pay because of bodily injury or property damage arising out of the ownership, maintenance or use of the “owned auto” or a “nonowned auto.” An “owned auto” is *1195 defined in relevant part as “a vehicle described in this policy for which a premium charge is shown for these coverages ...” A “nonowned auto” is defined as a “private passenger auto or trailer not owned by or furnished for the regular use of either you or a relative, other than a temporary substitute auto.” (emphasis added). Here Jenkins’ Toyota is not the “owned auto” (the “owned autos” are the Oldsmobile and Isuzu described in the GEICO policy). And, since the Toyota is owned by Jenkins, it is not a “nonowned auto.” Thus the GEICO policy did not provide liability coverage to Jenkins for this accident.
Nor did the GEICO policy provide uninsured motorist benefits to Jenkins. Under the uninsured motorist portion of the policy, GEICO agreed to pay damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured auto arising out of the ownership, maintenance, or use of that auto. However, this section contains the following exclusion:
Bodily injury to an insured while occupying or through being struck by an uninsured auto owned by an insured or a relative is not covered, (emphasis added).
An “uninsured auto” is defined in part as an auto which has no liability bond or insurance policy applicable with liability limits complying with the Financial Responsibility Law of the state in which the insured auto is principally garaged at the time of the accident. Here Jenkins’ vehicle was “uninsured” and thus the bodily injury sustained by her while occupying that uninsured vehicle was not covered under the uninsured motorist portion of the GEICO policy. Since the GEICO policy contained express provisions excluding coverage for both liability and uninsured motorist benefits in this case, GEICO was not obligated to provide Jenkins uninsured motorist benefits. Welker. Accordingly, we reverse the summary judgment entered in favor of Jenkins. We also withdraw our prior order granting Jenkins’ motion for attorney’s fees and now deny that motion.
REVERSED and REMANDED.
COBB, J., concurs.
GRIFFIN, J., dissents with opinion.