GRIFFIN, Judge,
dissenting.
The supreme court remanded this case to us “on the authority of World Wide Underwriters Insurance Co. v. Welker” and instructed us to decide the case “consistent with [its] decision in Welker.” Welker was decided on the basis of legislative intent found in the 1986 version of the Florida UM statute, which was the applicable statute in Welker. In 1987, subsection 9 of section 627.727 was added. Subsection 9 appears to elucidate the legislature’s intent that an insured under a policy of liability insurance is covered for UM any time, any place,[1] unless coverage is limited in accordance with the statute. The limitations allowed under the •subsection provide insurers a means of adjusting UM risks (provided there is a concomitant premium adjustment), while requiring that “insureds”[2] be clearly informed of the limitations in UM coverage. Because Welker did not involve the 1987 statute, the outcome of this issue for post 1987 claims appears still to be up in the air.
The supreme court has taken jurisdiction in Government Employees Insurance Co. v. Douglas, 627 So.2d 102 (Fla. 4th DCA 1993), review granted, 639 So.2d 978 (Fla.1994), which squarely raises this issue.
I concede that the supreme court’s instruction on remand to this court after its reversal of Nationwide Mutual Fire Insurance Co. v. *1196 Phillips, 609 So.2d 1385 (Fla. 5th DCA 1992), quashed, 640 So.2d 53 (Fla.1994), bodes ill for Douglas. On the other hand, it may be significant that the same court that decided Douglas was the court that had earlier decided Government Employees Insurance Co. v. Wright, 543 So.2d 1320 (Fla. 4th DCA), review denied, 551 So.2d 464 (Fla.1989), which was cited by the Welker court. Douglas may be doomed, but it is not dead yet. Based on the failure of the insurer in this case to comply with section 627.727(9), and the at least temporary uncertainty of the law pending the high court’s decision in Douglas, I would keep this case in the pipeline by certifying the question to the supreme court.

. Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla.1971).

. The word "insured” is in quotes because now that the definition of “insured” has become the vehicle to attempt to adjust UM coverage without regard to the requirements of 627.727, the question of who is at any given time or place an "insured” for any given event or type of coverage is becoming increasingly complex. In one of these cases we have waiting for decision, the "insured" includes "any relative.” “Relative,” however, is later defined as a person related by blood, marriage or adoption and who is also a resident of the same household provided neither such person nor his spouse owns a private passenger automobile.