PER CURIAM.
An insurer appeals an adverse summary judgment, which declared it liable for uninsured motorist coverage under the terms of an automobile insurance policy. We reverse.
Gina Ferrante, the appellee, was injured when the Lincoln Continental in which she was a passenger struck a legally parked car on the shoulder of the highway. Ferrante’s mother owned the Lincoln, and had given Ferrante’s uninsured boyfriend permission to drive the car.
Ferrante sought and collected the limits of uninsured motorist protection under a policy insuring her own vehicle. She then sought further benefits from her mother’s automobile insurance carrier, Allstate Insurance Company, the appellant. Ferrante’s mother had procured liability and uninsured motorist coverage from Allstate for two vehicles which she owned: the Lincoln which was involved in the accident, and a 1953 Mercury. Because the policy on the Lincoln had a valid family-member exclusion, Ferrante could not claim liability benefits through this policy. Similarly, Ferrante could not claim uninsured motorist benefits through the Lincoln policy because the policy prohibited the Lin- *1062 coin from being considered an “uninsured auto” for purposes of its own uninsured motorist coverage. See, e.g., Reid v. State Farm Fire and Casualty Co., 352 So.2d 1172 (Fla.1977).
Consequently, Ferrante sought uninsured motorist benefits through the policy on the Mercury, her mother’s insured vehicle which was not involved in the accident. Ferrante contended that since the Lincoln was uninsured as to her, she was entitled to claim uninsured motorist benefits through her mother’s policy on the Mercury. Allstate denied benefits, and Ferrante filed suit seeking a declaratory judgment regarding her entitlement to uninsured motorist coverage under the Mercury policy. Ferrante subsequently moved for summary judgment, and the trial court granted the motion, holding that Ferrante was entitled to uninsured motorist benefits as a matter of law through the policy on the Mercury. Allstate now appeals.
 The trial court erred in finding that Ferrante was entitled to benefits as a matter of law, because the uninsured motorist coverage which she sought is expressly excluded under the terms of the Mercury policy. Fer-rante is correct in arguing that, as her mother’s resident relative, she is eligible for uninsured motorist coverage through her mother’s Mercury policy. She is also correct in arguing that because of the family-member exclusion, the Lincoln is an uninsured auto in relation to the Mercury policy. However, her argument ignores the following exclusion contained within the uninsured motorist provisions of the Mercury policy:
This coverage does not apply to:
[[Image here]]
(2) Any person while in, on, getting into or out of a vehicle you own which is insured for this coverage under another policy,
(emphasis in original). The “you” in the policy exclusion refers to the policyholder; in this case, Ferrante’s mother. Applying the very straightforward terms of the exclusion, it clearly prevents Ferrante from receiving-uninsured motorist benefits through the Mercury policy for the injuries she sustained while riding in the Lincoln, a vehicle which was owned by her mother, and separately insured for uninsured motorist protection. See World Wide Underwriters Ins. Co. v. Welker, 640 So.2d 46 (Fla.1994) (approving an exclusion for injuries suffered while occupying a vehicle owned by the insured, but not insured for uninsured motorist coverage under the same policy); Crosby v. Nationwide Mut. Fire Ins. Co., 640 So.2d 73 (Fla.1994) (same); Nationwide Mut. Fire Ins. Co. v. Phillips, 640 So.2d 53 (Fla.1994) (same); Government Employees Ins. Co. v. Jenkins, 642 So.2d 1193 (Fla. 5th DCA 1994) (approving an exclusion for injuries suffered while occupying an uninsured vehicle, which was owned by the insured).
Moreover, the policy exclusion at issue herein is permissible under Section 627.727(9), Florida Statutes (Supp.1988). Section 627.727(9) is the portion of the uninsured motorist statute which authorizes a variety of exclusions from the otherwise statutorily mandated uninsured motorist coverage. Section 627.727(9)(b) authorizes a policy exclusion providing that, “If at the time of the accident the injured person is occupying a motor vehicle, the uninsured motorist coverage available to him is the coverage available as to that motor vehicle.” The policy exclusion at issue in this case is but a variant of this language. The exclusion herein merely states this proposition in another way, essentially providing that: If at the time of the accident the injured person is occupying a motor vehicle, owned by the insured, which is insured for uninsured motorist coverage under another policy, then the uninsured motorist coverage under this policy is inapplicable. See Omar v. Allstate Ins. Co., 632 So.2d 214 (Fla. 5th DCA 1994) (implicitly approving an identical policy exclusion, but reversing a summary judgment due to an absence of proof that the insured knowingly accepted limited coverage). Having concluded that the enumerated exclusion is legislatively permitted by the statute, we need not reach the question of the exclusion’s validity under the line of cases starting with Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla.1971). See Nationwide Mut. Fire Ins. Co. v. Phillips, 609 So.2d 1385 (Fla. 5th DCA 1992) (section 627.727(9) creates a statutory exception to the Mullis rule regarding uninsured motorist exclusions), quashed on other *1063 grounds, 640 So.2d 53 (Fla.1994); Carbonell v. Automobile Ins. Co. of Hartford, Conn., 562 So.2d 437 (Fla. 3d DCA 1990) (section 627.727(9) provides permissible exclusions to uninsured motorist coverage which can supersede the rule set out in Mullís).
The summary judgment finding that Fer-rante is entitled to uninsured motorist benefits as a matter of law is reversed, and this ease is remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.