PER CURIAM.
The trial court entered final summary judgment holding that Rasmi Akel (“appellant”) was not entitled to uninsured motorist protection under his insurance policy with Progressive Express Insurance Company (“appellee”) because he was injured while an occupant of his resident relative’s vehicle, which was not insured under his policy. We affirm the judgment of the trial court, concluding that the provisions of the policy clearly and unambiguously exclude coverage in this case.
Appellant was injured in an automobile accident with an uninsured motorist while driving a vehicle owned by his brother, with whom he was living at the time of the accident. His brother’s vehicle was insured through Allstate and carried $25,000 in uninsured motorist (“UM”) protection. Appellant’s own vehicle was insured with appellee and had $250,000 in UM coverage. His vehicle was the only one listed on his policy. Appellant did not demand the UM limits from Allstate. Instead, he sought the higher UM limits from his own company.
The UM provisions of appellant’s insurance policy provided:
Subject to the Limits of Liability, if you pay a premium for Uninsured/Un-derinsured Motorist Coverage, we will pay for damages, .... which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury
1. sustained by an insured person;
2. caused by accident; and
3. arising out of the ownership, maintenance, or use of an uninsured motor vehicle.
The definition of uninsured motor vehicle provides:
An uninsured motor vehicle does not include any vehicle or equipment:
*1051 a. Owned by you or a relative [defined as a person living in the same household with the named insured and related by blood or marriage].
In addition, several exclusions are listed in the policy and state:
Coverage under this Part III is not provided for bodily injury sustained by any person while using or occupying:
4. Any motor vehicle owned by you or a relative, other than a covered vehicle. [defined as any vehicle shown on the declarations page of the policy].
The policy also included several additional clauses where non-stacked coverage has been elected:
NON-STACKED UNINSURED/UNDERINSURED MOTORIST COVERAGE
If you have elected Non-stacked Uninsured Motorist Coverage, the following additional Limits of Liability shall apply:
Coverage under this Part III is not provided for bodily injury sustained by any person while using or occupying a motor vehicle, other than a covered vehicle, owned by you or a relative.
If an insured person sustains bodily injury while occupying a vehicle, other than a covered vehicle, the insured person may elect to receive excess uninsured or underinsured motorist benefits under only one (1) policy of insurance under which the insured person is an insured. If the insured person elects to receive excess uninsured or underin-sured motorist benefits under a policy of insurance other than this policy, we will not pay any uninsured or underinsured motorist benefits due to bodily injury to the insured person.
It is well settled “that insuring or coverage clauses are construed in the broadest possible manner to effect the greatest extent of coverage.” Westmoreland v. Lumbermens Mut. Cas. Co., 704 So.2d. 176, 179 (Fla. 4th DCA 1997), rev. dismissed, 717 So.2d 534 (Fla.1998). Where the language in an insurance policy is subject to differing interpretations, the policy language “should be construed liberally in favor of the insured and strictly against the insurer.” State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1076 (Fla.1998). On the other hand, “exclusionary clauses in liability insurance policies are always strictly construed.” Westmoreland, 704 So.2d at 179. Policy provisions which tend to limit or avoid liability are to be construed liberally in favor of the insured and strictly against the insurer. See Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135, 1138 (Fla.1998). “In construing exclusions in an insurance contract, the entire contract must be construed as a whole, from the perspective of an ordinary person.” Mactown, Inc. v. Cont’l Ins. Co., 716 So.2d 289, 291-92 (Fla. 3d DCA 1998) (citations omitted). However,
“If the insurer fails in the duty of clarity by drafting an exclusion that is capable of being fairly and reasonably read both for and against coverage, the exclusionary clause will be construed in favor of coverage. If the insurer makes clear that it has excluded a particular coverage, however, the court is obliged to enforce the contract as written.”
Westmoreland, 704 So.2d at 179 (quoting State Farm Fire & Cas. Ins. Co. v. Deni Assocs. of Fla., Inc., 678 So.2d 397, 401 (Fla. 4th DCA 1996), app’d, 711 So.2d 1135 (Fla.1998)).
Although the coverage and exclusionary sections clearly provide that UM coverage is unavailable when the named insured is occupying a vehicle not named in the policy and owned by a resident relative, appellant still claims that the policy is ambiguous. He maintains that the nonstacked *1052 coverage provisions permit coverage because the insured, when injured while occupying a vehicle other than a covered vehicle, may elect between the policy covering the uninsured vehicle and the instant policy. However, the trial court correctly concluded that the exclusionary clause was clear and unambiguous.
The election clause only applies if coverage is otherwise available. Obviously, the insured can only elect which coverage to receive if there are two policies under which the insured may recover benefits. In the instant policy, not only is the brother’s vehicle excluded from the definition of an uninsured vehicle, but the policy states twice that UM coverage is not provided for bodily injury sustained while occupying a motor vehicle owned by the named insured or a resident relative which is not a vehicle listed in the policy declarations. There was no coverage under the insured’s UM policy provisions; therefore, there was no election to be made. To interpret the policy as providing coverage under the election provision, as appellant advocates, would be to negate the clear and unambiguous exclusionary clauses. Because it is clear that the contract excludes coverage, we must enforce the contract as written. See Westmoreland, 704 So.2d at 179-80.
Appellant makes a second argument that even if we find, as we have, that the policy is unambiguous and excludes coverage, the exclusion is not authorized by section 627.727(9), Florida Statutes (1999). That section provides:
Insurers may offer policies of uninsured motorist coverage containing policy provisions, in language approved by the department, establishing that if the insured accepts this offer:
(a)The coverage provided as to two or more motor vehicles shall not be added together to determine the limit of insurance coverage available to an injured person for any one accident, except as provided in paragraph (c).
(b) If at the time of the accident the injured person is occupying a motor vehicle, the uninsured motorist coverage available to her or him is the coverage available as to that motor vehicle.
(c) If the injured person is occupying a motor vehicle which is not owned by her or him or by a family member residing with her or him, the injured person is entitled to the highest limits of uninsured motorist coverage afforded for any one vehicle as to which she or he is a named insured or insured family member. Such coverage shall be excess over the coverage on the vehicle the injured person is occupying.
(d) The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in her or his household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased.
(e) If, at the time of the accident the injured person is not occupying a motor vehicle, she or he is entitled to select any one limit of uninsured motorist coverage for any one vehicle afforded by a policy under which she or he is insured as a named insured or as an insured resident of the named insured’s household.
The Florida Supreme Court has held that:
[bjecause the uninsured motorist statute “was enacted to provide relief to innocent persons who are injured through the negligence of an uninsured motorist; it is not to be ‘whittled away’ by exclusions and exceptions.” For these reasons, provisions in uninsured motorist policies that provide less coverage than required by the statute are void as contrary to public policy.
*1053 Young v. Progressive Southeastern Ins. Co., 753 So.2d 80, 83 (Fla.2000)(quoting Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229, 238 (Fla.1971)).
It is a basic rule of statutory construction “that all parts of a statute must be read together in order to achieve a consistent whole. Where possible, courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another.” Id. at 85 (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992)).
In this case, the exclusionary language in the Progressive policy appears to be permissible under subsection 627.727(9)(d). Subsection (9)(d) provides that an insurance company may exclude coverage for insureds or family members residing in the household, who are injured while occupying any vehicle owned by such insured for which uninsured motorist coverage was not purchased. The contemplation of this subsection is to exclude coverage under the uninsured motorist provisions of a particular policy when injury is suffered in a vehicle to which the particular policy does not apply. The purpose of this subsection is to prevent the situation in which an insured resides in a household with more than one vehicle but elects to cover only one vehicle and then seeks to recover for injuries suffered in another vehicle under the policy. Here, appellant resides in a multi-vehicle household. Only one vehicle is covered by the Progressive policy ($250,000). The other has minimal coverage ($25,000). As in section 627.727, appellant may not claim under the higher policy for injuries suffered in a vehicle not covered by that policy.
In this instance, appellant was injured in a vehicle owned by his brother with whom he resided which was not covered by the Progressive policy. Under the exclusionary language of the policy and subsection 627.727(9)(d), appellant’s injuries were properly excluded from coverage.
Progressive also claims authority under subsection 627.727(9)(c). Under that subsection, if the injured person is occupying a vehicle which is not owned by him or a family member residing with him, the injured person is entitled to the highest limits of uninsured motorist coverage afforded to any one vehicle as to which he is a named insured. In this case, the policy exclusion is but a “variant” of this language. Under the Progressive policy, coverage is excluded if the injured person is occupying a vehicle owned by him or a resident family member.
In Allstate Insurance Co. v. Ferrante, 645 So.2d 1060, 1062 (Fla. 3d DCA 1994), the court held that a policy exclusion was enforceable under section 627.727(9)(b) which provided that “[i]f at the time of the accident the injured person is occupying a motor vehicle, the uninsured motorist coverage available is the coverage available as to that motor vehicle.” The policy exclusion was a variant of this language, and instead merely stated the proposition another way: “If at the time of the accident the injured person is occupying a motor vehicle, owned by the insured, which is insured for uninsured motorist coverage under another policy, then the uninsured motorist coverage under this policy is inapplicable.” Id. at 1062. Like Ferrante, Progressive’s policy exclusion at issue here merely states the same proposition as set forth in the statute another way.
Because the exclusions are not ambiguous and are authorized exclusions under the statute, we affirm the final summary judgment.
Affirmed.
FARMER and SHAHOOD, JJ., concur.
WARNER, J., dissents with opinion.