NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE FARM AUTOMOBILE
INSURANCE COMPANY,

      Appellant,

v.

MARIELLE LYDE,

      Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2D17-1014

Opinion filed October 5, 2018.

Appeal from the Circuit Court for
Hillsborough County; William P.
Levens, Judge.

Anthony J. Russo and James Michael
Shaw, Jr., of Butler Weihmuller Katz
Craig, LLP, Tampa; and Robert L.
Kaleel of Kaleel & Kaleel, P.A., St.
Petersburg, for Appellant.

David M. Caldevilla of de la Parte &
Gilbert, P.A., Tampa; and Anthony D.
Martino of Clark & Martino, P.A.,
Tampa, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

          State Farm Automobile Insurance Company (State Farm) appeals the final

summary judgment requiring it to pay the higher of the two limits for uninsured motorist

coverage (UM coverage) provided in the identical policies issued on Marielle Lyde's (the

daughter) vehicle and Margarita Nieves's (the mother) vehicle in connection with injuries that the daughter sustained while driving her vehicle in a crash with an uninsured motorist. State Farm argues that the trial court erred in disregarding an exclusion for UM coverage under the mother's policy authorized under section 627.727(9), Florida Statutes (2012). As explained below, we agree, reverse the final summary judgment and the order granting the daughter's motion for summary judgment, and remand for further proceedings consistent with this opinion.

## I. Background

The mother and daughter reside together. The mother owns a Kia Sorento, and the daughter owns a Kia Soul. State Farm issued an insurance policy for the mother's vehicle that lists the mother as the only named insured on the declarations page and that has a UM coverage limit of $100,000 per person. State Farm also issued an insurance policy for the daughter's vehicle that lists both the daughter and mother as named insureds on the declarations page and that has a UM coverage limit of $25,000 per person.

Apart from the amounts of coverage and the named insureds, the policies are identical versions of State Farm Policy Form 9810A. Many of the terms used in the policy are terms of art defined in the policy itself.[1] In the general provisions, State Farm

---

[1]"You or Your" means, in pertinent part, "the named insured or named insureds shown on the Declarations Page." The mother is "you" under the mother's policy.

"Resident Relative" means, in pertinent part, "a person, other than you, who resides primarily with the first person shown as a named insured on the Declarations Page and who is [ ] related to that named insured . . . by blood, marriage, or adoption[.]" The daughter is a "resident relative" under the mother's policy.

agrees to provide insurance according to the terms of this policy based, in part, "on payment of premium for coverages chosen." In the applicable UM coverage section, the "Insuring Agreement" provides, "We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle" and specifies that the "bodily injury for which we will pay compensatory damages must be," in pertinent part, "sustained by an insured" and "caused by an accident that involves the operation, maintenance, or use of an uninsured motor vehicle." The "Exclusions" section, however, provides, in pertinent part, that "THERE IS NO COVERAGE . . . 2. FOR AN INSURED WHO SUSTAINS BODILY INJURY . . . a. WHILE OCCUPYING A VEHICLE OWNED BY YOU OR ANY RESIDENT RELATIVE IF IT IS NOT YOUR CAR OR A NEWLY ACQUIRED CAR." One of the sections that follows is titled "If Other Uninsured Motor Vehicle Coverage Applies," and provides, in pertinent part:

> 1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to you or any resident relative by the State Farm Companies apply to the same bodily injury, then:
>
> > a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
> >
> > b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any

---

"Your Car" means, in pertinent part, "the vehicle shown under 'YOUR CAR' on the Declarations Page." The Sorento is "your car" under the mother's policy.
"Owned By" means "1. owned by; 2. registered to; or 3. leased[.]"
The UM coverage section also provides an additional definition of "Insured," to mean, in pertinent part, "1. you[, and] 2. resident relatives[.]

one of the policies. We may choose one or
more policies from which to make payment.

In May 2013, the daughter was driving her vehicle when she was involved in a crash with an uninsured motorist. State Farm tendered $25,000 as the limit for UM coverage on the daughter's policy. The daughter filed the underlying action against State Farm, seeking, in pertinent part, declaratory relief and damages for breach of contract. She claimed that she is an insured under both her policy and her mother's policy and that she is therefore eligible for UM coverage under both policies. She further claimed that under subsection 1.b. of the section titled "If Other Uninsured Motor Vehicle Coverage Applies," she was entitled to claim the higher UM coverage limit under the two policies. Thus, she claimed that she was entitled to the $100,000 limit under the mother's policy and that State Farm had wrongfully denied her UM benefits in excess of the $25,000 limit under her policy.[2]

State Farm admitted that the daughter was an insured under both policies and that she was entitled to UM coverage under her policy, but it denied that she was entitled to UM coverage under the mother's policy. In its operative third affirmative defense, State Farm asserted that the mother's policy provides for "non-stacking" UM coverage "pursuant to the named insured's execution of the Selection/Rejection Form giving rise to a conclusive presumption of a knowing informed rejection of stacking

_____

[2]In the operative complaint, the daughter purported to attach a copy of her policy as Exhibit A, but she instead attached a copy of a signed "Florida Uninsured Motor Vehicle Coverage - Selection/Rejection" form (Selection/Rejection Form) pertaining to her policy. The daughter, however, did not refer to the Selection/Rejection Form in her complaint.

coverage under Florida Statute § 627.727(9)."[3]  State Farm further asserted that the daughter was excluded from UM coverage under the mother's policy based on exclusion 2.a. because she was occupying a vehicle that the daughter owned, not the Sorento identified on the declaration's page of the mother's policy.  State Farm also claimed that the daughter's reliance on the "If Other Uninsured Motor Vehicle Coverage Applies" provision is misplaced because UM coverage does not apply on the mother's policy.  Rather, as provided by section 627.727(9) and the Selection/Rejection Form, that provision applies when occupying a motor vehicle "not in the household or owned by a resident relative."

After filing its answer and affirmative defenses, State Farm moved for summary judgment, again conceding the daughter's entitlement to $25,000 in UM benefits under her policy but contending that she and her mother both had knowingly rejected "stacking" coverage under both her policy and her mother's policy, as reflected on the three Selection/Rejection Forms that State Farm attached to the motion and that State Farm claimed had been approved by the Office of Insurance Regulation (OIR). Thus, State Farm asserted, consistently with section 627.727(9)(b), the UM coverage exclusion under 2.a.—for bodily injury that an insured sustains while occupying a vehicle owned by a resident relative that was not "your car" or a newly acquired car—precluded the daughter from recovering under the mother's policy.

The daughter did not formally respond to the motion but instead filed her own motion for summary judgment.  Relying on the provision of the policy that governs

---

[3]State Farm did not identify by date of signing the Selection/Rejection Form to which it referred.

"If Other Uninsured Motor Vehicle Coverage Applies," the daughter argued that she was entitled to the $100,000 under the mother's policy because she was an insured under both policies. The daughter argued further that exclusion 2.a. was not consistent with 627.727(9) and was therefore contrary to public policy. Alternatively, the daughter argued that even if the exclusion were valid, reading it in conjunction with the "If Other Uninsured Motor Vehicle Coverage Applies" provision created ambiguity in the contract that required construction in her favor and allowed her to recover the $100,000 under the mother's policy. The daughter's motion made no mention of any "application" or Selection/Rejection Form.

In addition to the daughter's and the mother's policies and declarations pages, the summary judgment evidence before the trial court included the three Selection/Rejection Forms that State Farm had filed with its motion for summary judgment: one for the mother's policy signed on September 14, 2010;[4] one for the daughter's policy signed on August 19, 2011; and another for the daughter's policy signed on April 4, 2012.[5] The template for those three forms was identical, and State Farm also filed a September 24, 2010, letter from OIR approving that template. State Farm also filed the affidavit of Kristin Spencer, the Florida underwriter for its automobile policies. Spencer averred, among other things, that the mother had signed another Selection/Rejection Form on April 2, 2012, which "has been separately filed with the Court," and that "[a]t all times, the language in the Selection/Rejection Form has been

_____

[4]This 2010 form pertained to a 2007 Kia Sportage. The record indicates that the policy on the Sportage was later transferred to the Sorento.

[5]The April 4, 2012, form was the same form that the daughter had attached to her operative complaint.

approved by the State of Florida."  Contrary to her averment, however, only the mother's September 14, 2010, Selection/Rejection Form had been filed, and no other version of it was subsequently filed.

After receiving State Farm's response in opposition to the daughter's motion, the trial court granted the daughter's motion and denied State Farm's motion. The court explained:

> There is, at the very least, ambiguity within the insurance policy contract.  The defense argues that the Exclusions section on page 28, which states "*There is no coverage for an insured who sustains bodily injury while occupying a vehicle owned by you or any resident relative if it is not your car . . .* ", along with the non-stacking coverage in this case, precludes coverage from the Plaintiff's mother's UM policy.
>
> But the more persuasive argument from Plaintiff's counsel is found in the policy section on page 29 entitled *If Other Uninsured Motor Vehicle Coverage Applies*.  This is not a stacking vs. non-stacking case because the Plaintiff seeks "either/or" rather than "both/and".

Therefore, the trial court determined that the daughter "is entitled to the highest applicable limits of coverage available between the two UM policies for which she is an insured, to wit: $100,000."  State Farm timely appeals the trial court's final judgment awarding the daughter $75,000.

## II.  Discussion

State Farm argues that the trial court erred in granting the daughter's motion for summary judgment because the unambiguous language of the mother's policy excludes the daughter from UM coverage in this circumstance and, therefore, rendered the election clause under "If Other Uninsured Motor Vehicle Coverage Applies" inapplicable.  State Farm also argues that the policy exclusion was an

authorized limitation that complies with section 627.727(9). While we agree with these arguments, we disagree with State Farm's argument that the trial court erred in denying its motion for summary judgment and that we should remand for entry of a final summary judgment in its favor. Rather, we decline to address the parties' arguments regarding the Selection/Rejection Form and simply remand for further proceedings. We review de novo the trial court's ruling on the parties' motions for summary judgment and its construction of the insurance contract and the statute. See State Farm Mut. Auto. Ins. Co. v. Smith, 198 So. 3d 852, 855 (Fla. 2d DCA 2016), review denied, No. SC16-1682 (Fla. Jan. 18, 2017); Fla. Peninsula Ins. Co. v. Cespedes, 161 So. 3d 581, 584 (Fla. 2d DCA 2014).

## A.  The Policy

Courts generally construe an insurance policy in accordance with its plain language as bargained for by the parties. See Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000). In so doing, "courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." Cespedes, 161 So. 3d at 584 (quoting Wash. Nat'l Ins. Corp. v. Ruderman, 117 So. 3d 943, 948 (Fla. 2013)). But "[i]f the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage, the insurance policy is considered ambiguous." Id. (quoting Anderson, 756 So. 2d at 34). If ambiguous, "[t]he court interprets ambiguous provisions 'liberally in favor of the insured and strictly against the drafter.' " N. Pointe Cas. Ins. Co. v. M & S Tractor Servs., Inc., 62 So. 3d 1281, 1283 (Fla. 2d DCA 2011) (quoting State Farm Mut. Auto. Ins. Co. v. Fischer, 16 So. 3d 1028, 1031-32 (Fla. 2d DCA 2009)). When the ambiguity arises

regarding an exclusion clause, courts construe them "even more strictly against the insurer than coverage clauses." Anderson, 756 So. 2d at 29.

Under the UM provision of the mother's insurance policy, State Farm generally agrees to pay compensatory damages for bodily injury an insured is legally entitled to recover. The daughter is an "insured" under the mother's policy because, as the parties agree, she is a resident relative. Here, however, under an applicable exclusion, the daughter is not "covered" under the UM provision in the mother's policy. That exclusion provides, "THERE IS NO COVERAGE . . . FOR AN INSURED"—which is the daughter, as a resident relative—"WHO SUSTAINS BODILY INJURY [ ] WHILE OCCUPYING A VEHICLE OWNED BY . . . ANY RESIDENT RELATIVE . . . IF IT IS NOT YOUR CAR," which invokes the exclusion because the resident-relative daughter was occupying her own vehicle while injured and because the mother's Sorento is the only vehicle listed on the mother's declarations page. Under the plain language of the exclusion, therefore, and as argued in State Farm's motion for summary judgment and on appeal, there is no UM coverage here for the daughter under the mother's policy.

Consequently, the daughter's reliance on the "If Other Uninsured Motor Vehicle Coverage Applies" provision is misplaced, and the trial court erred in granting her motion for summary judgment and denying State Farm's motion for summary judgment on this basis, because that provision presumes that UM coverage applies under two or more policies.[6] Nothing in this provision expands the applicability of UM coverage in the mother's policy; rather, it speaks to the maximum amount that may be

---

[6]Notably, the provision refers to other UM "coverage," not other UM "insurance."

paid when UM coverage under two or more policies otherwise applies. See Akel v. Dorcelus, 793 So. 2d 1049, 1052 (Fla. 4th DCA 2001) ("The election clause only applies if coverage is otherwise available. Obviously, the insured can only elect which coverage to receive if there are two policies under which the insured may recover benefits. In the instant policy, not only is the brother's vehicle excluded from the definition of an uninsured vehicle, but the policy states twice that UM coverage is not provided for bodily injury sustained while occupying a motor vehicle owned by the named insured or a resident relative which is not a vehicle listed in the policy declarations. There was no coverage under the insured's UM policy provisions; therefore, there was no election to be made."). Here, UM coverage applies under only one policy: the daughter's policy. Thus, this provision does not inform the meaning of the exclusion, nor does it render the exclusion ambiguous—we simply do not get to it.

## B. Compliance with the Statute

We also agree with State Farm that this policy exclusion is statutorily authorized, and we reject the daughter's argument to the contrary.[7] Historically, UM coverage follows the person, not the vehicle, so as to afford that person protection notwithstanding the particular circumstances resulting in the injury. See, e.g., Coleman v. Fla. Ins. Guar. Ass'n, 517 So. 2d 686, 689 (Fla. 1988) ("[UM] protection does not

---

[7]Although the trial court did not expressly address the daughter's argument in her motion for summary judgment on this point, we are bound to address it because we must consider any basis in the record that could support affirmance, see Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record." (emphasis added)), and because it merely requires us to review the policy language that was before the trial court in considering summary judgment.

inure to a particular motor vehicle, but instead protects the named insured or insured members of his family against bodily injury inflicted by the negligence of any uninsured motorist under whatever conditions, locations, or circumstances any of such insureds happen to be in at the time."); Mullis v. State Farm Mut. Auto. Ins. Co., 252 So. 2d 229, 233 (Fla. 1971) ("Whenever bodily injury is inflicted upon named insured or insured members of his family by the negligence of an uninsured motorist, under whatever conditions, locations, or circumstances, any of such insureds happen to be in at the time, they are covered by uninsured motorist liability insurance . . . ."), superseded by statute as recognized in Gov't Emps. Ins. Co. v. Douglas, 654 So. 2d 118, 120 (Fla. 1995).  The legislature, however, has since statutorily authorized certain limitations on this general application, see § 627.727(9); Douglas, 654 So. 2d at 120 ("Pursuant to . . . section 627.727(9)(d), Florida Statutes (1987), insurers could issue motor vehicle liability insurance policies which contained limited uninsured motorist coverage."); see also Young v. Progressive Se. Ins. Co., 753 So. 2d 80, 85 (Fla. 2000) ("[S]ection 627.727(9) . . . provides a list of statutorily permissible policy exclusions to uninsured motorist coverage."), but "provisions in uninsured motorist policies that provide less coverage than required by the statute are void as contrary to public policy," Young, 753 So. 2d at 83.

"Determining whether a policy provision extends less coverage than required by section 627.727 begins with the language of the statute," Smith, 198 So. 3d at 858 (citing Travelers Commercial Ins. Co. v. Harrington, 154 So. 3d 1106, 1111 (Fla. 2014)), which provides, in pertinent part:

- 11 -

Insurers may offer policies of uninsured motorist coverage containing policy provisions, in language approved by the office, establishing that if the insured accepts this offer:

(a) The coverage provided as to two or more motor vehicles shall not be added together to determine the limit of insurance coverage available to an injured person for any one accident, except as provided in paragraph (c).

(b) If at the time of the accident the injured person is occupying a motor vehicle, the uninsured motorist coverage available to her or him is the coverage available as to that motor vehicle.

(c) If the injured person is occupying a motor vehicle which is not owned by her or him or by a family member residing with her or him, the injured person is entitled to the highest limits of uninsured motorist coverage afforded for any one vehicle as to which she or he is a named insured or insured family member. Such coverage shall be excess over the coverage on the vehicle the injured person is occupying.

(d) The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in her or his household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased.

(e) If, at the time of the accident the injured person is not occupying a motor vehicle, she or he is entitled to select any one limit of uninsured motorist coverage for any one vehicle afforded by a policy under which she or he is insured as a named insured or as an insured resident of the named insured's household.

In connection with the offer authorized by this subsection, insurers shall inform the named insured,

applicant, or lessee, on a form approved by the office, of the limitations imposed under this subsection and that such coverage is an alternative to coverage without such limitations.  If this form is signed by a named insured, applicant, or lessee, it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations . . . .

§ 627.727(9).

By limiting UM coverage to the coverage available as to the vehicle involved and by precluding coverage for injuries sustained while occupying a vehicle for which UM coverage was not purchased, subsections 627.727(9)(b) and (d) permit departure from the general principle, see Coleman, 517 So. 2d at 689; Mullis, 252 So. 2d at 233, that UM coverage applies to the person.[8]  The exclusion in the mother's policy precludes, in pertinent part, UM coverage for an insured who is injured while occupying a vehicle that either the mother or the insured owns but is not the mother's Sorento, which is the only vehicle for which UM coverage was purchased under the mother's policy.  In short, the exclusion complies with the statute because the mother's vehicle was the only household vehicle for which the mother paid a premium under her policy.  See § 627.727(9); see also Swan v. State Farm Mut. Auto. Ins. Co., 60 So. 3d 514, 518 (Fla. 3d DCA 2011) (explaining that under the limitations provided in section 627.727(9), "UM coverage does not provide coverage for every vehicle that the insured owns—it only provides coverage for the vehicle on which the UM premium was paid"); Akel, 793 So. 2d at 1053 ("Subsection (9)(d) provides that an insurance company may exclude coverage for insureds or family members residing in the household, who are

_____

[8]By its clear terms, subsection (9)(c) does not apply here because the daughter was indisputably occupying her own vehicle at the time of the injury, and we are unpersuaded by the daughter's tortured reading of that subsection to assert otherwise.

- 13 -

injured while occupying any vehicle owned by such insured for which uninsured motorist coverage was not purchased. The contemplation of this subsection is to exclude coverage under the uninsured motorist provisions of a particular policy when injury is suffered in a vehicle to which the particular policy does not apply.").

## C. The Selection/Rejection Form

In its motion for summary judgment, State Farm relied solely on the mother's 2010 Selection/Rejection Form in attempting to satisfy its burden of proving the nonexistence of a genuine issue of material fact that would entitle it to the conclusive presumption that the mother had made an informed, knowing acceptance of limited coverage under section 627.727(9). See Larusso v. Garner, 888 So. 2d 712, 717 (Fla. 4th DCA 2004) ("Without approval of the form, SGI is not entitled to the conclusive presumption of knowing acceptance."); Omar v. Allstate Ins. Co., 632 So. 2d 214, 216 (Fla. 5th DCA 1994) (holding that an insurer relying on the limitation authorized in section 627.727(9) has the burden of proving its compliance with the notice provisions); Gov't Emp. Ins. Co. v. Douglas, 627 So. 2d 102, 103 (Fla. 4th DCA 1993) (holding that the section 627.727(9)(d) exclusion did not apply because the insurer failed to comply with the notice requirement of obtaining a knowing acceptance of the subsection (9)(d) limitation), approved, 654 So. 2d 118 (Fla. 1995). In addition, the daughter raises new arguments for the first time on appeal that are based on the Selection/Rejection Form, but the daughter's motion for summary judgment omitted even a mention of such a form, which she also characterizes as an insurance policy "application."

We decline to address the parties' arguments regarding the Selection/Rejection Forms for the first time on appeal, either as grounds for reversal or

- 14 -

as grounds for affirmance under the tipsy coachman doctrine.  See Loranger By & Through Loranger v. State, Dep't of Transp., 448 So. 2d 1036, 1038 (Fla. 4th DCA 1983) (on rehearing) (rejecting appellee's argument that court should affirm because summary judgment was correct for the wrong reason because appellee raised new reason for the first time on appeal and court was "not certain precisely what legal and factual issues may arise if and when the trial court is presented with an appropriate pleading raising the issue"); see also Ambroglio v. McGuire, 247 So. 3d 73, 75 (Fla. 2d DCA 2018) ("It is reversible error to enter summary judgment on a ground not raised with particularity in the motion for summary judgment."); cf. State Farm Fire & Cas. Co. v. Levine, 837 So. 2d 363, 365 (Fla. 2002) (explaining that tipsy coachman doctrine permits a reviewing court to affirm a lower tribunal's decision that reaches the right result for the wrong reason so long as "there is any basis which would support the judgment in the record" (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644-45 (Fla. 1999))).  In the affidavit that State Farm filed in support of its motion for summary judgment, Spencer averred that on April 2, 2012, the mother had signed a second Selection/Rejection Form that applies to the Sorento and that the April 2, 2012, form was an OIR-approved form.  But contrary to her further averment that the April 2, 2012, form had previously been filed with the court, it does not appear to ever have been filed.  Thus, what is apparently the operative OIR-approved Selection/Rejection Form applicable to the Sorento is not a part of the record, and neither party, below or on appeal, has addressed its existence.

### III.  Conclusion

Accordingly, we reverse the final summary judgment and the portion of the trial court's order granting the daughter's motion for summary judgment because the unambiguous language of the mother's policy excluded the daughter from UM coverage and complied with section 627.727(9).  In so doing, we neither address the parties' arguments regarding the Selection/Rejection Form nor reverse the denial of State Farm's motion for summary judgment but simply remand for further proceedings consistent with this opinion.

Reversed and remanded.

LaROSE, C.J., and SILBERMAN, J., Concur.