DANAHY, Judge.
This is an appeal from a final summary judgment entered in favor of the appellees, the defendants at trial. The summary judgment ended a lawsuit arising from a chain crash of automobiles in which the plaintiffs/appellants’ car was hit from behind by another car on the Courtney Campbell Causeway in Tampa. The trial judge grounded the summary judgment upon a finding that the appellees conclusively proved that their car was not the car which actually hit the appellants’ car. Since the fundamental issue is whether there was any negligence on the part of Deborah Thomas which proximately caused any injury to the appellants, and not whether the Thomas car actually struck the Hynds car, we reverse.
In her deposition Ms. Thomas stated that while driving eastbound on the Causeway she attempted to change lanes, but because of the press of the traffic she could not finish the maneuver and was hit by the car following her. This in turn caused her car to hit the car in front of her which was driven by a woman. As a result of this chain accident, the investigating officer issued her a citation for an improper lane change and she paid the fine. She also stated that she did not remember what plea she had entered at the traffic hearing. Mr. Hynds testified in his deposition that he was hit from behind and was pushed into the car in front of him, but that he was unaware of the gender of the driver either in front of or behind him. This was the proof upon which the trial judge focused when he entered the summary judgment. While it may be that the Thomas car was not the one which actually struck the Hynds car, there is evidence that the Thomas car did strike someone and, furthermore, that in this sequence of collisions, Mr. Hynds was struck from behind and may have received injuries thereby. Because the evidence before the trial court shows that Ms. Thomas was the sole driver in the sequence who was cited for a traffic violation, there is evidence of her negligence. “Proof of violation of a traffic ordinance is prima facie evidence only of ‘negligence’; proximate cause and other elements of actionable negligence must be proven independently.” deJesus v. Seaboard Coast Line R.R., 281 So.2d 198, 201 (Fla.1973). It is axiomatic that “[ujnless a movant can show unequivocally that there was no negligence, or that plaintiff’s negligence was the sole proximate cause of the injury, courts will not be disposed to granting a summary judgment in his favor.” Wills v. Sears, Roebuck & Co., 351 So.2d 29, 31 (Fla.1977). The movant here made no such conclusive showing. We, therefore, reverse and remand for further proceedings.
HALL and PARKER, JJ., concur.