552 So.2d 277 (1989)
Linda L. LEE and Wayne W. Lee, Appellants,
v.
OLD SOUTHERN TRUCKING, INC., Appellee.
No. 88-2985.
District Court of Appeal of Florida, First District.
November 14, 1989.
Rehearing Denied December 6, 1989.
Charles J. Kahn, Jr. of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola and Thomas F. Condon of Mitchell & Condon, P.A., Pensacola, for appellants.
Robert P. Gaines of Beggs & Lane, Pensacola, for appellee.
JOANOS, Judge.
Linda L. Lee and Wayne W. Lee have appealed from an order of the trial court granting final summary judgment in favor of the appellee in this negligence action. We reverse.
Linda Lee was employed as a general laborer on a roadway construction site. Her duties occasionally included directing loaded dump trucks to a specific location on the roadway for the dumping of their loads. The customary procedure was for the trucks to pull straight into the dumping site, then back up to the desired location using Lee's hand-signaled directions.
On the day of the accident, Lee had commenced directing a dump truck owned and operated by appellee Old Southern Trucking, Inc. When the truck began backing toward the dump site at a speed of 5-8 MPH, Lee was approximately 100 feet behind, and to the left of, the truck. She testified at her deposition that the truck's *278 driver was aware of her presence. Although she was directing the truck to back in a straight line, after the truck had moved about 50 feet, it was apparent that it was instead veering back to the left, directly toward Lee. She further testified that, despite her frantic hand signals to the truck driver to stop, he continued to back toward her. When the truck was about 25 feet away, Lee moved out of the way and, in doing so, stepped into a depression and injured her lower back.
As a result of her injury, Lee was accepted by her employer as permanently totally disabled, and received a $55,000 lump sum settlement of her worker's compensation claim. She thereafter filed this complaint against Old Southern, alleging negligence in that the driver of the truck "failed or refused to use due care in the operation of his vehicle by failing to look where he was going while backing up the truck." Old Southern denied the allegation, and filed the instant motion for summary judgment, arguing that Lee's deposition testimony showed that any negligence on the part of the driver was not the cause of her injury.
The trial court agreed, ruling that "as a matter of law [Old Southern] did not create the dangerous condition (hole) in which [Lee] stepped to cause her injury" and "as a matter of law that [Old Southern] could not have anticipated that the necessary movement of [Lee], a few feet left or right, would create a peril that would result in her injury." The motion was thereupon granted upon a finding that "the law is well settled in this State that a remote condition or conduct which furnished only the occasion for someone else's supervening negligence is not a proximate course [sic] of the result of the subsequent negligence," and final judgment in favor of Old Southern was entered.
A party moving for summary judgment must show conclusively that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Wills v. Sears, Roebuck & Co., 351 So.2d 29, 30 (Fla. 1977) (emphasis in original). The movant's burden is even more onerous in negligence actions, where summary judgment procedures historically have been employed with special care. Unless a movant can show unequivocally that there was no negligence, or that plaintiff's negligence was the sole proximate cause of the injury, courts will not be disposed to granting a summary judgment in his favor. Hynds v. Thomas, 543 So.2d 464, 465 (Fla. 2d DCA 1989).
In this case, summary judgment was granted based on a determination as a matter of law that Old Southern 1) did not create the hole into which Lee stepped and 2) could not have anticipated that requiring Lee to move would cause her injury. However, it is reasonably foreseeable that a pedestrian, in attempting to avoid being hit by a negligently driven vehicle, might suffer injuries. Lowd v. Cal Kovens Construction Corp., 546 So.2d 1087 (Fla. 3d DCA 1989). The Lowd court further found it a "reasonable conclusion that the injuries received by a pedestrian in avoiding being hit by a car were proximately caused by the negligent acts of the defendant driver." Lowd at 1090.
Here, Lee alleged in her complaint that the truck's driver failed to use due care in the operation of his vehicle by failing to look behind him as he backed up. Lee's deposition testimony elaborated on this allegation, showing that the driver knew of her presence behind his truck, and that, while he was supposed to steer to the dump site by observing her hand signals in his mirrors, she could not see if he was using those mirrors. Further, it was undisputed that he failed to heed her signals to stop, and in fact proceeded to dump his load without stopping, even after Lee's fall. All of these facts taken together create an issue as to whether the driver failed to use his mirrors, or used them, but ignored Lee's signals to stop. Old Southern therefore failed to show unequivocally that there was no negligence on the part of the truck driver.
With regard to appellee's contention that the sole proximate cause of Lee's injury was her negligence in failing to observe the change in elevation which caused her *279 fall, there was no evidence before the trial court concerning the nature and terrain of the dump site, Lee's location on that site, or any other facts which support appellee's allegation that she negligently failed to observe an "obvious condition." Summary judgment was therefore improperly entered herein, and we reverse and remand for further proceedings.
BOOTH and BARFIELD, JJ., concur.