MICKLE, Judge.
Helen Martin appeals from an order of the trial court granting final summary judgment in favor of United Parcel Service, Inc., (UPS), the defendant in the trial court. Finding that genuine issues of material fact exist, we reverse. .
The issues raised here concern Martin’s injuries incurred when her moped collided with a dolly owned by UPS. Martin filed suit alleging negligence on the part of UPS in its placement of the dolly in the roadway. Billy Adams, UPS tractor-trailer driver, testified in a deposition that on July 22,1987, he left Ft. Walton Beach to begin a haul to Tallahassee. As he traveled out onto Hollywood Boulevard, the brakes locked up. Adams then dragged the dolly (used to connect the double trailer) and the rear trailer across Hollywood Boulevard to the far- right lane, on the north side of the roadway. He set out reflective triangles, one to the front and one to the rear, and turned on the four-way signal lights. He then walked back to the UPS center and summoned a mechanic. Adams subsequently accompanied the mechanic to the site, separated the rear trailer from the dolly and proceeded on to Tallahassee, leaving the dolly, with reflectors, on the side of the road. On the following day, Adams learned from the mechanic that the dolly had been moved to the south side of Hollywood Boulevard and was later removed by a wrecker service.
Martin testified in a deposition that, on July 22, 1987, she was riding on her moped down Hollywood Boulevard at approximately 9:30 p.m. She did not become aware of the dolly until right before she hit it. She recalls running over a reflector that was on the ground behind the dolly.
Angelina Carnathan, Fort Walton Police Department patrol officer, investigated the accident. When asked in a deposition whether she had any independent recollection of the incident, she responded, “Vaguely. I mean the report really refreshes my memory on the accident.” Carnathan confirmed her accident report notes indicating that three
reflectors had been placed behind the dolly. Carnathan, who opined that the dolly was properly placed on the side of the roadway, explained:
By properly parked I mean it was — if I was parking my car on the side of the road, you know, if you’re broke down or if you want to park on the side of the road, there’s a right-of-way and it was facing the right direction, meaning that the back of the dolly, you know, was where it should be and so forth.
Carnathan did not cite anyone as being at fault in the accident.
Lastly, David Stevens, a security guard who patrolled the area on the date of the accident, testified in a deposition that prior to the accident he observed the trailer and dolly both parked on the north side of Hollywood Boulevard. At the time of the accident, however, the trailer was gone and the dolly had been placed on the south side of the road. Stevens saw no reflectors behind the dolly. He saw Martin come around the corner, head towards the dolly, hit it and “go off.” Stevens stated that there is no marked bicycle lane on Hollywood Boulevard.
The trial court granted UPS’ motion for summary judgment, determining that no justiciable issue of fact or law existed, that a third-party wrecker service left the dolly in the roadway where it was struck, and that no evidence indicated that UPS was responsible for the actions of the wrecker service. In so concluding, the trial court erred in improperly resolving disputed issues of fact. A trial court is not permitted to determine issues of fact when deciding a motion for summary judgment; its role is to decide whether issues exist for resolution by the trier of fact. Moore v. Morris, 475 So.2d 666 (Fla.1985). A movant is required to demonstrate that there is not the slightest doubt as to any issue of material fact, Harris v. Lewis State Bank, 436 So.2d 338 (Fla. 1st DCA 1983), and to establish unequivocally the absence of negligence on its part. Lee v. Old Southern Trucking, Inc., 552 So.2d 277 (Fla. 1st DCA 1989), rev. denied. 562 So.2d 346 (Fla.1990). The facts sub judice generate several disputed issues regarding wheth *1086 er or not the placement of the dolly in the roadway was negligent and, if so, whether UPS was responsible. It is entirely unclear who had control over the dolly once Billy Adams left the scene. Adams’ hearsay testimony that a wrecker company was responsible for moving the dolly to the south side of the roadway where the accident occurred cannot form the basis for a summary judgment on the facts herein. Also, there is some dispute as to whether the dolly was safely and properly located, whether reflectors were placed around it, whether a bicycle lane existed on Hollywood Boulevard, and whether Martin or UPS violated any traffic rules.
Where, as here, the record reflects the existence of a genuine issue of material fact or the possibility of any such issue, or if the record raises even a slightest doubt that an issue might exist, summary judgment is improper. Moore. It was error herein for the trial court to resolve the merits of this case against Martin by summary judgment when UPS failed to show unequivocally the absence of negligence on its part. We therefore REVERSE and REMAND for further proceedings.
SMITH and LAWRENCE, JJ„ concur.