KHOUZAM, Judge.
 

 Rosamma Panjikaran appeals the trial court’s order granting summary judgment in favor of State Farm Florida Insurance Company. Because material questions of fact remain, summary judgment was premature and we remand for further proceedings.
 

 Panjikaran’s home was insured by State Farm when Hurricane Charley severely damaged it in August 2004. When Panjik-aran reported the damages to State Farm, the insurer accepted her claim and acknowledged that there was coverage. Over the next four years, State Farm disbursed the policy limits of Coverage A benefits to Panjikaran to repair her home.
 

 Thereafter, a dispute arose over the benefits owed under the Building Ordinance or Law Coverage Endorsement in the policy. This provision of Panjikaran’s policy, which provides an additional amount of insurance to cover the cost of bringing the structure into compliance with applicable ordinances and laws, authorized payment of up to an extra 25% of Panjikaran’s Coverage A limit. After some disagreement regarding the proper documentation and payment of this extra coverage, State Farm demanded appraisal of Panjikaran’s claim pursuant to the policy.
 
 [1]
 

 Instead of submitting to appraisal, Pan-jikaran filed suit on February 4, 2010. Panjikaran’s complaint consisted of two claims. The first was for declaratory judgment, seeking a determination of whether appraisal was required. The second claim was for breach of contract. Common to both claims was an allegation that State Farm refused to tender any amount of benefits owed under the Ordinance or Law Coverage in the policy.
 
 [2]
 
 Panjikaran acknowledged in the complaint that State Farm had demanded appraisal, but she alleged that coverage — not the amount of loss — was the only disputed issue.
 

 State Farm filed no answer to the complaint. Instead, it responded on March 3, 2010, by filing a motion to dismiss, a motion for protective order, and a motion for summary judgment. Despite stating multiple times that the material facts were undisputed, State Farm took the position that the dispute concerned the amount of loss rather than coverage. No affidavits were filed in support of this assertion, yet State Farm argued that because Panjikar-an had not submitted to appraisal to determine the amount of loss, she had failed to comply with her contractual obligations and the suit was premature.
 

 A hearing on the motion for summary judgment was held on August 3, 2010. Panjikaran argued, as she alleged in her complaint, that State Farm refused to tender any amount of benefits owed under the Ordinance and Law Coverage and that this constituted a denial of coverage rather than a dispute over the amount of loss.
 
 *1280
 
 State Farm adhered to its argument that the lawsuit was premature because the parties disputed the amount of loss and Panjikaran had not submitted to appraisal. The judge granted State Farm’s motion for summary judgment as to both counts of the complaint.
 

 Appellate review of a grant of summary judgment is de novo.
 
 State Farm Mut. Auto. Ins. Co. v. Colon,
 
 880 So.2d 782, 783 (Fla. 2d DCA 2004). “The purpose of a summary judgment proceeding is to determine the existence or absence of triable issues of fact. A party moving for summary judgment must show conclusively there is no genuine issue as to any material fact.”
 
 Pamperin v. Interlake Cos., Inc.,
 
 634 So.2d 1137, 1139 (Fla. 1st DCA 1994) (citing
 
 Lee v. Old S. Trucking, Inc.,
 
 552 So.2d 277 (Fla. 1st DCA 1989),
 
 review denied,
 
 562 So.2d 346 (Fla.1990)). A motion for summary judgment should be granted only where “the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c). In reviewing a grant of summary judgment, “an appellate court should indulge all proper inferences in favor of the party against whom summary judgment was sought.”
 
 Hodges v. Citrus World, Inc.,
 
 850 So.2d 648, 649-50 (Fla. 2d DCA 2003) (citing
 
 Humphrys v. Jarrell,
 
 104 So.2d 404 (Fla. 2d DCA 1958)).
 

 Here, summary judgment was improper. A review of the record on appeal and the transcript of the summary judgment hearing shows that a genuine question of material fact exists as it is unclear whether the parties dispute the amount of loss or a denial of coverage. Because of this conflict, the trial court erred in granting summary judgment to State Farm. Although the claim may ultimately end in appraisal depending on the resolution of this factual issue, at this point in the proceedings State Farm is not entitled to judgment as a matter of law.
 

 Accordingly, we reverse the final summary judgment and remand the case for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 WHATLEY and CRENSHAW, JJ„ Concur.
 

 [1]
 

 . The appraisal provision in the policy provides that if the parties “fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal.”
 

 [2]
 

 . In her appellate brief, Panjikaran acknowledges that State Farm applied $21,186.92 to Ordinance and Law Coverage for storm shutters but alleges that she did not request such payment. Rather, she alleges that State Farm applied this coverage on its own initiative because it determined that the policy limits and extra coverage on the dwelling had been exhausted.