CLARK, J.
Travelers Commercial Insurance appeals a summary final judgment entered for the appellee Crystal Harrington on her claim for uninsured motorist benefits. The summary judgment is affirmed as to the determination of coverage and stacking of the benefits under the Travelers policy of insurance. The judgment is reversed as to the award of such benefits because there are outstanding issues which might impact the amount of the benefits due under the policy. The fee award resulting from this award is also reversed.
The appellee, Crystal Harrington, was injured while riding as passenger in a vehicle owned by her father and insured under a Travelers policy purchased by her mother. Ms. Harrington, along with her mother and father, and three vehicles (including the car in which Ms. Harrington was riding when she was injured), were insured under the Travelers policy, which provided both liability and uninsured motorist coverage. Ms. Harrington’s injuries occurred in a single-car accident, while the vehicle was being driven by Joey Williams, who had liability coverage under his own Nationwide insurance policy. In addition, Mr. Williams was a permissive user of the Harrington car at the time of the accident and was therefore also covered under the permissive user provisions of the Travelers liability policy.
After she was injured, Ms. Harrington received payment for her medical costs from Mr. Williams’ Nationwide policy to the limit of that policy. That policy limit did not fully cover Ms. Harrington’s medical costs, and she received a further liability payment under the Travelers policy. Because Ms. Harrington’s claimed medical costs were in excess of the amount of those combined payments, she then sought uninsured motorist benefits under the Travelers policy, based on the underinsured liability payments. After Travelers denied her uninsured motorist claim, Ms. Harrington filed a civil action seeking payment of the uninsured motorist benefits.
In denying Ms. Harrington’s uninsured motorist claim, Travelers relied on a statement in its policy booklet which describes an “uninsured motor vehicle” as not including “any vehicle which is owned by or furnished or available for the regular use *1276 of the named insured or any family member.” Although the car in which Ms. Harrington was injured was not being driven by Ms. Harrington or any other family member, but was instead being operated by Mr. Williams as a permissive user, Travelers maintained that because the car was owned by Ms. Harrington’s father and was available for regular use by a family member, uninsured motorist coverage was not available under the Travelers policy.
Both Ms. Harrington and Travelers moved for summary judgment. The trial court ruled that the Travelers policy’s exclusion of family vehicles from uninsured motorist coverage conflicts with the requirements for such coverage under section 627.727(3), Florida Statutes, and is therefore invalid. Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla.1971). In Mullís the Florida Supreme Court established that, without the policyholder’s express rejection of coverage pursuant to statutory procedures, a policy exclusion will not be given effect if it conflicts with mandatory uninsured motorist requirements in section 627.727. Numerous appellate decisions following Mullís have adhered to that principle, which the trial court applied in the present case to support its entry of summary judgment for Ms. Harrington. See, e.g., Young v. Progressive Southeastern Ins. Co., 753 So.2d 80 (Fla.2000); Diaz-Hernandez v. State Farm Fire & Casualty Co., 19 So.3d 996 (Fla. 3d DCA 2009).
Pertaining to uninsured motorist coverage, section 627.727(3) provides that, for uninsured motorist coverage, the term “uninsured motor vehicle” includes an insured motor vehicle when the liability insurer:
(b) Has provided limits of bodily injury liability for its insured which are less than the total damages sustained by the person legally entitled to recover damages; or
(c) Excludes liability coverage to a non-family member whose operation of an insured vehicle results in injuries to the named insured or to a relative of the named insured who is a member of the named insured’s household.
The trial court determined that the under-insured provision in section 627.727(3)(b) applies and that the family vehicle exclusion in the Travelers policy conflicts with section 627.727(3)(b) and (c). It therefore entered summary judgment for Ms. Harrington. In reaching its conclusion, the court reasoned that subsection (3)(c) pertains when a nonfamily member is a permissive user of an insured family vehicle and the permissive user’s operation of the vehicle causes injury to a family member who is a Class I insured. The distinction between Class I insureds, who are household family members, and Class II insureds, who are other persons such as permissive users, was made in Mullís and continues to govern disputes under Florida’s uninsured motorist law. See, e.g., Sommerville v. Allstate Ins. Co., 65 So.3d 558 (Fla. 2d DCA 2011); Alamo Rent-A-Car, Inc. v. Hayward, 858 So.2d 1238 (Fla. 5th DCA 2003); Auto Owners Ins. Co. v. Potter, 774 So.2d 859 (Fla. 4th DCA 2000).
The trial court’s interpretation of section 627.727(3) accords with the supreme court’s pronouncements in Travelers Insurance Co. v. Warren, 678 So.2d 324 (Fla.1996). In Warren, the supreme court considered sections 627.727(3)(b) and (c), and the differing impact of those provisions on Class I and Class II insureds. The supreme court construed subsection (3)(c) as pertaining when a Class II permissive user operates a Class I insured’s family vehicle and causes injury to the Class I passenger. In such case, the vehicle may then be treated as uninsured (i.e., *1277 being underinsured, as described in subsection (3)(b)) for purposes of uninsured motorist benefits, if the driver’s liability coverage is inadequate to fully cover the Class I passenger’s medical costs. That is precisely what occurred in the present case, and the trial court’s application of section 627.727(3) and corresponding voi-dance of the Travelers policy exclusion for family vehicles in these circumstances comports with the supreme court’s decision in Warren.
In addition to the coverage issue resolved by the trial court, the parties also presented the issue of whether the uninsured motorist benefits under the Travelers policy could be stacked by adding the three $100,000 uninsured motorist coverages in the policy together for a total coverage of $300,000. Stacking of coverages is addressed in section 627.727(9), Florida Statutes, which lists several situations where an insurer may limit stacking, but which requires that such limitations be expressly accepted by the insured. The Travelers policy under which Ms. Harrington was insured was purchased by Ms. Harrington’s mother, who did expressly accept a non-stacking limitation, and who executed a written endorsement including that limitation. However, Ms. Harrington was not a signator to that endorsement, and did not herself accept any limitation on the stacking of benefits.
The trial court ruled that the non-stacking election by Ms. Harrington’s mother did not apply to Ms. Harrington because Travelers did not obtain a knowing acceptance of any such limitation by Ms. Harrington. The court indicated that stacking of multiple uninsured motorist coverages automatically applies under Florida law unless the section 627.727(9) waiver is accepted by the insured, and under the statutory language in section 627.727(9), the waiver must have been accepted by the insured who is claiming the benefits. The mother’s election of non-stacking coverage therefore limited the mother’s coverage but not the coverage which applies to Ms. Harrington.
In reaching that conclusion, the trial court focused on the language in section 627.727(9), as contrasted with section 627.727(1), Florida Statutes. Under section 627.727(1), uninsured motorist coverage must be provided with a policy for liability coverage unless there is a knowing rejection of the uninsured motorist coverage. Section 627.727(1) further refers to a “written rejection ... on behalf of all insureds,” and specifies that an approved form be used when uninsured coverage is selected at a lower limit than the liability coverage. Section 627.727(1) provides:
If this form is signed by a named insured, it will be conclusively presumed that there was an informed, knowing rejection of coverage or election of lower limits on behalf of all insureds.
Section 627.727(9) likewise requires that an approved form be used when non-stacking coverage is selected. However, unlike subsection (1), which makes an election-of-coverage-limits binding on all insureds, subsection (9) provides for non-stacking elections:
If this form is signed by a named insured, applicant, or lessee, it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations.
In light of the differing language describing the section 627.727(1) and (9) waivers, the trial court reasoned that the subsection (9) waiver of stackable coverage must be personally made by the insured who claims such benefits, whereas the subsection (1) waiver of coverage (at the liability limit) may be made “on behalf of’ the insured. The trial court cited Maddox v. State, 923 So.2d 442 (Fla.2006), and concluded that *1278 the legislature’s use of different language in separate parts of the statute suggests that different meanings were intended, and that when language is used in one part of a statute but omitted in another part it should not be inferred that such language was intended where it has been omitted. See also, e.g., Bortell v. White Mountains Ins. Group, 2 So.3d 1041 (Fla. 4th DCA 2009).
Because the trial court’s ruling on the coverage issue accords with the supreme court’s pronouncements in Travelers Insurance Co. v. Warren, supra, and the ruling on the stacking issue accords with principles of statutory construction as announced in cases such as Maddox v. State, supra, the summary judgment is affirmed as to those matters.
However, the court erred in awarding the claimed $300,000 uninsured motorist benefits. Travelers’ asserted other defenses which might impact the amount of the benefits due under the policy. While the coverage and stacking issues are affirmed, the award is therefore reversed because summary judgment on the amount of benefits is inappropriate where there are outstanding factual issues still in dispute. See, e.g., Panjikaran v. State Farm Ins. Co., 77 So.3d 1278 (Fla. 2d DCA 2012); Schwartz v. Guardian Life Ins. Co. of America, 73 So.3d 798 (Fla. 4th DCA 2011). The reversal of the benefits award necessitates reversal of the accompanying attorney’s fee award for Ms. Harrington because the fee award was based in part on the amount of the uninsured motorist benefits.
Although the trial court’s ruling on the coverage and stacking issues appears to comport with the cited cases, those issues involve significant questions which may recur in other disputes over uninsured motorist benefits, and the following questions are certified as being of great public importance.
With regard to the coverage issue[1]:
WHETHER THE FAMILY VEHICLE EXCLUSION FOR UNINSURED MOTORIST BENEFITS CONFLICTS WITH SECTION 627.727(3), FLORIDA STATUTES, WHEN THE EXCLUSION IS APPLIED TO A CLASS I INSURED WHO SEEKS SUCH BENEFITS IN CONNECTION WITH A SINGLE-VEHICLE ACCIDENT WHERE THE VEHICLE WAS BEING DRIVEN BY A CLASS II PERMISSIVE USER, AND WHERE THE DRIVER IS UNDERINSURED AND LIABILITY PAYMENTS FROM THE DRIVER’S INSURER, WHEN COM *1279 BINED WITH LIABILITY PAYMENTS UNDER THE CLASS I INSURED’S POLICY, DO NOT FULLY COVER THE CLASS I INSURED’S MEDICAL COSTS.
With regard to the stacking issue[2]:
WHETHER UNINSURED MOTORIST BENEFITS ARE STACKABLE UNDER SECTION 627.727(9), FLORIDA STATUTES, WHERE SUCH BENEFITS ARE CLAIMED BY AN INSURED POLICYHOLDER, AND WHERE A NON-STACKING ELECTION WAS MADE BY THE PURCHASER OF THE POLICY, BUT WHERE THE INSURED CLAIMANT DID NOT ELECT NON-STACKING BENEFITS.
The summary judgment is affirmed in part and reversed in part, and the coverage and stacking questions are certified to the supreme court pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v).
WOLF and WETHERELL, JJ., concur.

. While the supreme court clearly announced in Travelers Insurance Co. v. Warren, supra, that section 627.727(3) authorizes a Class I passenger's recovery of uninsured motorist benefits upon a single car accident when the Class I passenger’s family vehicle is being driven by a Class II permissive user, Warren actually involved a claim made by the Class II driver. However, the court's pronouncement as to the Class I passenger's rights under section 627.727(3) was part of its reasoning and interpretation of sections 627.727(3)(b) and (c) in pari materia, with the court distinguishing the Class II driver’s statutory rights from those of the Class I passenger.
In Warren, the supreme court further observed that section 627.727(3) does not stack uninsured motorist benefits "on top of” liability coverage under a single insurance policy, and the court suggested that a Class I insured cannot make a claim against the liability provisions of their own insurance policy. But as the trial court pointed out in the present case, Ms. Harrington’s uninsured motorist claim did not involve only one policy, because the Class II permissive driver’s separate Nationwide policy provided the initial liability benefits. The additional payment for liability coverage under Ms. Harrington’s Travelers policy was not made for any liability on the part of Ms. Harrington, but rather was made for liability in connection with the driver’s permissive use of the vehicle.

. Although Ms. Harrington did not elect non-stacking benefits and the differing language in sections 627.727(1) and 627.727(9) suggests that, while a subsection (1) coverage election may be made "on behalf of” all persons insured under the policy, a subsection (9) non-stacking election must be made individually, in Mercury Insurance Co. of Florida v. Sherwin, 982 So.2d 1266 (Fla. 4th DCA 2008), the fourth district applied agency law and upheld a non-stacking election which was made for a named insured by her husband. In Mercury Insurance the appellate court referred to the subsection (9) election without addressing the difference between the subsection (1) language indicating that a coverage election may be made "on behalf of” an insured person, and the absence of any such language in subsection (9) with regard to a non-stacking election. However, the 1990 amendment to section 627.727 added the "on behalf of” language to subsection (1) without placing such language in subsection (9), see ch. 1990-119, § 39, Laws of Florida, and cases such as Omar v. Allstate Insurance Co., 632 So.2d 214 (Fla. 5th DCA 1994), indicate that a non-stacking election must be shown by the insurer, upon compliance with statutory procedures.