ROBERTS, J.
This appeal arises from a final judgment that determined waivers of uninsured/un-derinsured motorist (UM) coverage and UM stacked coverage as well as an owned-but-not-insured vehicle exclusion that were agreed to by the original policyholder, Richard Chase (R. Chase), were not binding when the policyholder became Allison Chase (A.Chase). The appellant, Horace Mann Insurance, argues that the waivers and exclusion were binding on R. Chase’s estate as well as A. Chase, both individually and as personal representative of R. Chase’s estate. We agree in part.
In 2001, R. Chase purchased the insurance policy at issue, which provided bodily injury liability limits of $100,000/$300,000. R. Chase signed a form in which he selected reduced UM coverage limits of $25,000/ *1193 $50,000. The UM rejection selection stated:
You are electing not to purchase certain valuable coverage which protects you and your family or you are purchasing uninsured motorist limits less than your bodily injury liability limits when you sign this form.
On the same form, he selected non-stacked UM coverage. The form stated:
Under this form if injury occurs in a vehicle owned or leased by you or any family member who resides with you, this policy will apply only to the extent of coverage (if any) which applies to that vehicle in this policy. If an injury occurs while occupying someone else’s vehicle, or you are struck as a pedestrian, you are entitled to select the highest limits of Uninsured Motor Vehicle coverage available on any vehicle for which you are a named insured, insured family member, or insured resident of the named insured’s household. This policy will not apply if you select the coverage available under any other policy issued to you or the policy of any other family member who resides with you.
His daughter, A. Chase, was listed as a driver, but not a named insured, on the policy. In 2004, A. Chase became the sole-named insured. R. Chase was issued a new policy in which he was the sole-named insured. In 2007, A. Chase added R. Chase as a listed driver on her policy.
In 2008, an underinsured motorist collided with two motorcycles owned and operated by R. Chase and A. Chase. R. Chase died from his injuries. A. Chase sought to recover damages individually as well as for R. Chase’s estate. The trial court determined that because A. Chase did not sign any documentation rejecting higher levels of UM coverage or stacked UM coverage, those waivers did not apply to A. Chase individually or to the estate of R. Chase. Further, the trial court found that, because A. Chase did not sign a form selecting limited UM coverage at the time she became the insured, the policy exclusion for owned-but-not-insured vehicles was not enforceable against A. Chase or R. Chase’s estate. The appellant appeals both of these findings.
First, the appellant argues the trial court erred when it found A. Chase’s policy was a new policy that did not include reduced UM and non-stacked coverage. A trial court’s construction of an insurance policy to determine coverage is a matter of law subject to de novo review. Barnier v. Rainey, 890 So.2d 357, 359 (Fla. 1st DCA 2004) (“The standard of review governing a trial court’s ruling on a motion for summary judgment posing a pure question of law is de novo.”).
There are two statutory sections implicated by the appellant’s argument. First, section 627.727(1), Florida Statutes (2008), which applies to UM coverage, provides that UM coverage or higher limits of UM coverage need not be included in any policy that “renews, extends, changes, supersedes, or replaces an existing policy with the same bodily injury liability limits” when the named insured has previously rejected the coverage or selected lower limits. See State Farm Mut. Auto. Ins. Co. v. Shaw, 967 So.2d 1011, 1015 (Fla. 1st DCA 2007) (new rejection of UM coverage not required when policy originally issued to husband and wife was subsequently renewed after divorce in only one spouse’s name with no change in bodily injury liability limits); see also Atlanta Cas. Co. v. Evans, 668 So.2d 287, 289 (Fla. 1st DCA 1996) (new rejection of UM coverage not required when policy originally issued to husband and wife was subsequently renewed after divorce in only one spouse’s name with no change in bodily injury liability limits).
*1194 Second, section 627.727(9), Florida Statutes (2008), which applies to stacking UM coverage, states, “[i]f this form is signed by a named insured, applicant, or lessee, it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations.” This Court has found that, under subsection nine, unlike under subsection one, the waiver must be personally made by the insured who claims the benefits. Travelers Ins. Co. v. Harrington, 86 So.3d 1274, 1277 (Fla. 1st DCA 2012), rev. granted, 116 So.3d 1264 (Fla. Jan. 28, 2013) (holding that a UM stacked coverage waiver that was expressly accepted by the insured did not apply to the insured’s daughter because the insurance company did not obtain a knowing acceptance of the limitation by the daughter).
Here, R. Chase signed an UM waiver and an UM stacking rejection waiver. At the time of the accident, A. Chase was the primary insured, and R. Chase was a listed driver. Because no policy limits were changed, the policy was renewed, extended, changed, superseded, or replaced, and R. Chase’s waiver of higher UM coverage bound A. Chase individually and as personal representative of R. Chase’s estate. See Shaw, 967 So.2d at 1015. Additionally, because R. Chase signed the UM stacking waiver, R. Chase’s estate and A. Chase as personal representative were bound by the waiver and not entitled to stacked coverage. See Harrington, 86 So.3d at 1277. However, the UM stacking waiver did not apply to A. Chase individually because she did not sign the UM stacking waiver as an insured. See id.
Further, the appellant argues the owned-but-not-insured exclusion in the policy applies to A. Chase individually and as personal representative as well as to R. Chase’s estate. Section 627.727(9)(d), Florida Statutes (2008), provides that an insurance company may exclude coverage for insureds or family members residing in the household who are injured while occupying any vehicle owned by such insured for which UM coverage was not purchased. In Shaw, a similar owned-but-not-insured policy was examined by this Court. 967 So.2d at 1015 (“There is no coverage ... for bodily injury to an insured while occupying any vehicle owned by you, your spouse, or any relative if it is not insured for this coverage under this policy.”). This Court found that the exclusionary language was binding because there was no new policy requiring a new UM election. Id. Here, because A. Chase was not issued a new policy, the owned-but-not-insured exclusion was binding on A. Chase individually and as personal representative of R. Chase’s estate.
Accordingly, with respect to R. Chase’s estate, we reverse the trial court’s finding that the UM coverage waiver and stacked coverage waiver were not binding.
With respect to A. Chase individually, we affirm the trial court’s finding that A. Chase was entitled to stacked coverage, but reverse the trial court’s finding that the UM coverage waiver was not binding.
With respect to R. Chase’s estate and A. Chase individually and as personal representative, we reverse the trial court’s finding that the owned-but-not-insured exclusion was not enforceable.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
WETHERELL and MARSTILLER, JJ., concur.